## BATRE, ET AL. V. AUZE'S HEIRS, &C.

1. Under our statute providing the manner by which absent defendants shall be brought before a court of equity, publication is required to be made on the court house door, as well as in a newspaper, and if omitted, a decree cannot be sustained.

2. When a bill is filed by a vendor to enforce his lien for the purchase money, his vendee, who has parted with all his interest in the land to another, is not an indispensable party defendant to the bill; but he may be joined at the election of the complainant, and when a party, is concluded by the decree.

3. A complainant having elected to join a party who could have been dispensed with, cannot after, on error, avoid the consequences of a defective service, on the ground that he was not an indispensable party.

4. When the answer of a defendant shows an outstanding interest in one not made a party to the bill, but the answer is not sustained by proof, there is no necessity to make such person a party.

5. When a suit has been irregularly reversed, no waiver of the irregularity can be presumed against a party who was not before the court, by service or publication. *Quere*—as to those parties who submit to proceed after the irregular revival.

6. In a bill filed by the vendor of lands, to enforce his lien for the purchase money after the complainant's death, his personal representatives, and not his heirs, are the parties entitled to service; and if both join in reviving the suit, it is an irregularity which can be reached by demurrer, but not in the first instance upon error.

7. In a bill filed against a sub-purchaser to enforce the vendor's lien for the purchase money, due from the first purchaser, after the death of the sub-purchaser, the suit must be revived against his heirs at law, unless he has parted with his interest by assignment or devise; and if the suit is revived agaisnt his personal representatives only, it is error.

WRIT af Error to the Court of Chancery for the first District of the Southern Division.

This bill was filed in December, 1837, and seeks to enforce an equitable lien on certain real estate.   The complainant, Joseph Auze, alleges that in March, 1836, he was seized in fee of a certain lot of land, in Mobile, and then sold one undivided half of the same to the defendant, Lefebre, for the sum of ten thousand dollars, and conveyed it to him, taking his notes without any security whatever for the purchase money.   That the defendant, Charles Batre, is a purchaser of the said undivided half from Lefebre, with notice that the purchase money was unpaid by him.   The bill charges, that a considerable part of the purchase money remains unpaid, and prays that the land may be decreed subject to the lien, and sold.   Process of subpœna issued against both defendants, but was served on Batre only, and returned not found as to Lefebre.

On the return of the subpœna, it was shewn to the court that Lefebre resided without the limits of the State, and it was ordered that he should appear, plead, answer or demur to the bill on or before the first day of the next term, or the same would be taken *pro confesso,* and set for hearing *exparte.*   This order was directed to be published once a week for six weeks, in the ———— a paper printed and published in Mobile,   At the next term, (April 1838,) proof of publication in the Mobile Register, was made, and Lefebre made a party, but no further order against him was here or subsequently made.

At the same term, the death of the defendant Batre, was suggested, and an order made that the complainant should be allowed to file a bill of revivor as to Batre's heirs.   At the next term, (October, 1838,) the death of the complainant was suggested and leave given to revive the bill in the name of his representatives and heirs.   The death of Batre was again suggested, and leave given to revive against his heirs and representatives.

Previous to Batre's death, he had filed an answer, which admits his knowledge that the purchase money due from Lefebre to Auze, was not entirely paid, but insists that there was no intention to retain any lien when the sale was made.   In addition to this, that a custom has prevailed in Mobile, to consider all liens as discharged, when no specific mortgage is taken.

The answer also sets out that a considerable part of the purchase money was paid by Lefebre to Auze, out of funds belonging to C. & A. Batre, from which it is insisted that the equity of

these parties is equal to that of Auze. This money thus appropriated, and the balance of Lefebre's general account with C. & A. Batre, was the consideration for the transfer of the lot to Charles Batre. The answer also insists that the notes given by Lefebre to Auze, for the purchase money of the lot had been transferred to other persons, and therefore prays full proof of the right of the complainant.

No bill of revivor in point of fact was filed, but the replication to the answer, filed in May, 1839, is entitled in the names of Charles Auze, executor of Joseph Auze, deceased; Joseph, Adele, Alfred, and Josephine Auze, and Henry Roser, and Clara, his wife, formerly Clara Auze, heirs of Joseph Auze, deceased, and against Adele Batre, executrix and sole devisee of Charles Batre, deceased.

At the April term, 1839, the cause is stated as having been continued by consent of parties, but at the next fall term, the death of Batre is again suggested, and leave given to the complainants to revive the suit, as he may be advised.

At the next term, May, 1840, by consent of parties, it was ordered that Adele Batre, executrix and devisee of Charles Batre, should be made a party defendant to the cause, and afterwards during the same term, the cause was heard on the bill, answer and replication, when it was referred to the master to take an account between the parties, and report what was due to the complainants. The master, after two reports, which were set aside, reported the sum due to the complainants on two notes outstanding, to be $6901 96-100, which he credited with $565 25-100, being the one half of the rents and profits received by Auze or his representatives for the entire premises, of which the one half was conveyed to Batre by Lefebre, as stated in the bill, leaing a balance due to the complainants of $6,336 71-100.

The defendants excepted to this report,

1st. Because the time of notice was too short, having been given at 12 o'clock of the same day that the account would be taken at 4 o'clock. The defendant having summoned three witnesses, and only one attending.

2d. Because the whole amount of the account of rents filed has not been allowed as a credit, but only the one half. These exceptions were overruled, and a decree rendered subjecting the lands to the payment of the debt, as ascertained by the master's

report, and directing a sale, unless the amount was paid within sixty days.

From this decree, the defendants prosecute their writ of error, and assign as causes for reversal,

1. That Lefebre was not properly made a party to the suit; the proceedings against him for that purpose being insufficient.

2. That by the answer, an interest is disclosed to be in Adolph Batre, who, therefore, was a necessary party to the suit, this interest being affected by the decree.

3. There was no proof before the court of the allegations of the bill, and nothing was before the court to warrant the decree.

4. That the court erred in rendering a decree from the position in which the defendant Lefebre, stood in the cause.

5. That a decree was rendered before the cause was at issue.

6. That the court erred in the principle of the decree, because no lien existed under the facts disclosed by the bill.

7. That no bill of revivor was filed after the death of Auze, and there was no proof of the rights or character of the parties named in the replication, and the parties there named are improperly joined.

8. The court had no sufficient information either from the pleadings or proofs of the interests of the defendant in the estate of Charles Batre. Nor was there any allegation to charge her, or opportunity given her to plead or answer.

9. For confirming the master's report against the exceptions taken.

10. That the decree was rendered without the production of any evidence, and because there is nothing in the record to sanction it.

CAMPBELL, for the plaintiff in error.
HOPKINS, *contra.*

GOLDTHWAITE, J.—The principal question in this case, and the only one which involves the equity of the bill has not been discussed by the counsel for the plaintiffs in error; and whether it is considered as a mooted question, or otherwise, we ought not to decide it, if the other points made are sufficient to reverse the decree.

1. The first matter urged for our consideration is, that the defendant, Lefebre, was not properly before the court, so that any decree could be made affecting his rights. It will be seen that there was no personal service of the subpœna on him, and he is attempted to be brought before the court as a non-resident defendant. The consideration which the statute governing the mode by which this class of suitors are to be brought before our courts of chancery, has recently received, in the case of Erwin v. Ferguson, *supra*, renders it unnecessary here to say more than that we consider the service as defective, because it does not appear that any publication was made on the court house door, as the statute requires, as well as in a newspaper. [Digest, 289, § 23.]

2. In avoidance of this defect in the service, it is urged that Lefebre was not an indispensable party to the bill, and as no decree is rendered against him, the error is entirely immaterial. The case made by the bill is very similar in all its analogies to a mortgage; indeed the lien of a vendor for the purchase money is considered as an equitable mortgage by the elementary writers. In the relation which Lefebre stands to the land, having parted with all his interest to Batre, by sale and conveyance, it is certain he is not an indispensable party; but it is equally certain we think, that he could be joined as a defendant at the election of the plaintiff. It might be important to have him before the court for the taking of an account, or in order to conclude him by the decree, as was held in Brooks v. Harrison, [2 Ala. Rep. N. S. 209.] It is true, in that case, we considered a party standing in a somewhat similar relation to the case, as an indispensable party, but the facts were peculiar, and seemed to make an exception to the general rule.

In the present case it may be conceded that the decree is not against Lefebre, personally, but we conceive its effect is such as conclude him from setting up any defence if a suit should be instituted against him by Batre's heirs.

3. The consequence is, that the complainants cannot now say that it was useless for them to bring him before the court, because the election was with them to make him a party, and if not a necessary one, they could at any time have dismissed him from the suit. It is not for us to speculate how the decree will affect this defendant; it is sufficient that under certain circumstances it may do so.

4. With respect to the supposed interest of Adolph Batre, disclosed, by the answer of the executrix of Charles Batre, it is sufficient to say, that however asserted, no such interest was shown at the hearing, and therefore, without any enquiry into the necessity for making him a party upon the case made by the answer, this matter cannot avail the defendant here.

5. The fact being ascertained that one of the defendants was not before the court at the time of the decree, it follows, so far as he is concerned, there is no waiver of the irregular manner in which the suit was revived after the death of the original complainant, Auze. The proper mode to revive the suit was by bill of revivor, on the part of those entitled at his death to his interest in the estate. [Heirs of Duval v. McLoskey, 1 Ala. Rep. N. S. 708.] The amended rules now permit a revival in another mode, but they cannot have the effect to cure the error in this case. We are not prepared to say that if all the defendants submit to proceed after an irregular revival of a decree, that they would be heard against the irregularity.

6. It is further urged, that independent of the manner in which suit was revived, the heirs of Auze are improperly joined as complainants, with his personal representatives. In the case of Erwin v. Ferguson, *supra*, we had occasion to examine the subject of parties to bills of this description, and then came to the conclusion that the heir of a joint mortgagee was not an indispensable party to a bill to foreclose or sell, inasmuch as he had no legal or equitable interest in the debt secured by the mortgage. We also examined the English rule as laid down by Mitford, and endeavored to show that it never had prevailed in the American courts. As this is the case of a mere equitable mortgage, there can be no pretence that the heirs of Auze have any equitable interest in the debt, and they certainly have no apparent legal interest in the land. The consequence is that they are improper parties and if the objection had been taken on demurrer, their names would have been stricken from the bill on an order to amend. The objection is too late upon error. [Erwin v. Ferguson, *supra.*]

7. It is also urged that no reason is shown by the pleadings, why the executrix of Charles Batre, and not his heirs at law, are made parties upon the revival of this suit. It is held by all the authorities, that where a mortgagor, who is the owner of the fee, dies, his heir or devisee, is an indispensable party to a bill to fore-

close; so much so, that if he is without the jurisdiction of the court, the cause cannot be further proceeded in. [Story's Eq. Pl. 181, § 196.] It is not the mortgagor here who is dead, but the person who is invested with all his interest. The analogy therefore is, that his heirs are indispensable parties, unless it is shown affirmatively that they have no interest in consequence of an assignment or devise by their ancestor. The omission of a party, who is indispensable to a bill, is a defect which will cause a decree to be reversed, on a rehearing, or appeal. [Story's Eq. Pl. 77, § 75; Mechanics Bank v. Seton, 1 Peters, 299.] But notwithstanding such an error is sufficient to work a reversal, the bill ought not to be dismissed until an opportunity is given to make the proper parties. [Story's Eq. Pl. 415, § 541.]

These conclusions render it necessary to reverse the decree and remand the cause, and relieve us from the consideration of the other questions presented, it being probable they will not again arise.