Merritt et al. v. Phenix.

MERRITT ET AL. *vs.* PHENIX.

[BILL IN EQUITY TO FORECLOSE MORTGAGE.]

1. *Bill to foreclose mortgage; who material defendant.*—A purchaser from a mortgagor of mortgaged premises, who has himself mortgaged them to his creditor, is a material defendant to a bill of foreclosure filed by the first mortgagee, notwithstanding his mortgagee has sold the property and become the purchaser, if he retains his equity of redemption. ·

2. *Same; mesne purchasers not necessary parties.*—To foreclose a mortgage, it is not necessary that mesne purchasers who have no interest should be brought before the court.

3. *Acknowledgment of conveyance; what defective.*—An acknowledgment of a conveyance of land which does not recite that the grantor is known to the officer, is not in substantial compliance with the form prescribed by section 1548 of the Revised Code.

4. *Same; effect of.*—But a certificate, written upon such a conveyance, signed by an officer, that the maker appeared personally before him and acknowledged that he signed, sealed and delivered the foregoing deed to the grantee, is equivalent to the attest of one witness required by section 1535 of the Revised Code.

5. *Recording of conveyance; when operates as notice.*—The recording in the proper office of any conveyance of property, which may be legally admitted to record, operates as a notice of the contents of such conveyance, without any acknowledgment or probate thereof, and its due execution may be proved.

APPEAL from the Chancery Court of Montgomery.
Heard before Hon. ADAM C. FELDER.

Phenix, a citizen of the chancery district composed of the county of Montgomery, filed his bill in the chancery court of Montgomery, praying the foreclosure of a mortgage executed in the year 1858 by one John A. Merritt, a a citizen of Butler county, to complainant on certain lands lying in the county of Pike.

The bill alleges that after the execution of the mortgage Merritt sold the lands to Joel M. Talbot, a resident of Montgomery county, with notice of and subject to said mortgage, and that Talbot sold the land mentioned to Arthur Hoyt and Joseph Lockley, both residents of Montgomery county, and Lockley afterwards conveyed his interest to W. B. Hoyt, also a resident of Montgomery county; that the two Hoyts executed a mortgage, on the land mentioned, to H. J. Sweeney, a citizen of Pennsylvania, who at the time of the making of the mortgage, to-wit: June, 1866, loaned money to said Hoyts upon the faith of said mortgage; and the amendment to the bill alleges that he, as well as all the defendants, was a purchaser with notice of complainant's mortgage. The Hoyts failing to repay the loan at maturity, Sweeney, in accordance with the powers given by their mortgage to him, sold the premises and himself became the purchaser. Complainant further alleged that the lands are worth much more than the amount pretended to have been paid by Sweeney, and were subject to redemption by the Hoyts.

The record does not show the nature of the conveyances from Merritt to Talbot or from Talbot, to the Hoyts and Lockley, whether by quit-claim or warranty deeds, nor the dates thereof.

Complainant alleges that his mortgage, which is made an exhibit to the bill, was duly acknowledged and recorded in the office of the judge of probate for Pike county at the time it was made, and makes the mortgage an exhibit to the bill.

The mortgage is properly signed, and in all respects regular, but there were no attesting witnesses, and the certificate of probate thereof is as follows:

"State of Alabama, ⎞    Be it remembered that the above
      Pike county.    ⎠ John A. Merritt appeared personally before me, Samuel M. Adams, a justice of the peace for Pike county, and acknowledged that he signed, sealed and delivered the foregoing deed to the aforesaid James Phenix on the day and year above mentioned.

"Given under my hand and seal, this 9th of February, 1858.                    Sam'l M. Adams, J. P."

Endorsed on the deed was the following:

"Received in office for record February 15th, 1858, and recorded on the 18th of said month, in deed-book K, pages 350–6.         Bird Fitzpatrick, Judge of Probate."

Sweeney, Merritt, and the two Hoyts were made parties defendant.

Sweeney, who alone appeared, demurred to the bill—

1st. Because it showed that no material defendant in the cause resides in the county and chancery district in which the bill is filed.

2d. For non-joinder of Talbot and Lockley, whom the bill shows to be necessary parties.

3d. Because the bill shows that Sweeney was a creditor and purchaser, and shows that said mortgage, which is an exhibit to the bill, was not legally acknowledged, and that the recording and registration thereof are void.

The demurrer was overruled. Sweeney answered, admitting the allegations of the bill, with the exception of that part which charged him with notice of complainant's mortgage. He pleaded that he was a *bona fide* purchaser for a valuable consideration, without notice, &c.

It was admitted that the mortgage was recorded and probated as set forth in the bill, and that Sweeney had no actual notice of the same, and no notice whatever, except so far as the recording of the same in the office of the probate judge of the county in which the land lay was, in law, notice to him.

Complainant proved by the deposition of Merritt the due execution of the mortgage; that it was voluntarily made; that he acknowledged it before Adams, the justice

of the peace, and that at the time of the acknowledgment he had been personally known for many years to the justice; and proof was made by Adams, the justice of the peace, that the mortgage was in fact executed in his presence, and that he well knew Merritt at the time of its acknowledgment.

The chancellor decreed a sale of the mortgaged premises, and that the proceeds of sale be applied to the satisfaction of complainant's mortgage, and the surplus, if any, paid to Sweeney; and hence this appeal.

The errors assigned are—

1. Overruling the demurrer.

2. The decree rendered.

WALKER & MURPHEY, for appellant,

MARTIN & SAYRE, contra.

B. F. SAFFOLD, J.—The purpose of the bill was the foreclosure of a mortgage of land which the appellant Merritt had executed to the complainant Phenix. It is alleged that after the mortgage was given, Merritt sold the land to Joel M. Talbot, who sold to Arthur Hoyt and Joel Lockley. Lockley sold his interest to William B. Hoyt. The two Hoyts mortgaged the property to H. J. Sweeney, who sold it under this second mortgage and became the purchaser himself. All of these parties were made defendants, except Talbot and Lockley.

The defendant Sweeney, who alone resists the decree sought, admits the allegations of the bill, but by demurrer objects to the local jurisdiction on several grounds, the only contested one being that the defendants who reside in the district in which the bill is filed are the Hoyts, and they are not material defendants. He also assigns the additional grounds that Talbot and Lockley are not made defendants; and that he was a purchaser without notice, because the complainant's mortgage is not acknowledged as required by law, and therefore its record is void.

The demurrer was overruled, and a decree rendered in favor of the complainant.

Arthur and W. B. Hoyt were material defendants, be-
cause they had the right to redeem the land from the com-
plainant.—Story's Eq. Plead. § 183. It does not appear
that the mesne purchasers, Talbot and Lockley, were inter-
ested through any warranty they had made. Whatever
right they acquired they seem to have parted with by their
sales to those who are defendants, and therefore were not
necessary parties.—*Haley v. Bennett*, 5 Port. 452; *Lewis v.
Elrod*, 38 Ala. 17.

The acknowledgment of the complainant's mortgage is
not in substantial compliance with the form prescribed by
section 1548 of the Revised Code. But the only conse-
quence of its defectiveness is that the mortgage does not
gain the privileges as evidence conferred by section 1544
of the Revised Code. It is, nevertheless, a conveyance of
property, which may be legally admitted to record without
any acknowledgment or probate thereof, the recording of
which operates as a notice of its contents.—Revised Code,
§ 1543. The acknowledgment taken, though insufficient as
such, is equivalent to the attest of one witness, required
by section 1535 of the Revised Code. As the conveyance
was not sufficiently authenticated to be received in evi-
dence, it was entirely competent to supply the deficiency
by further proof of its due execution.—Rev. Code, § 1544.

The decree is affirmed.

NOTE BY REPORTER.—At a subsequent day of the term
appellant, by his counsel, A. J. Walker, petitioned for a
rehearing, and filed in support thereof the following argu-
ment:

The proposition upon which the case hinges, that the
Hoyts are material parties, upon the ground of their right
of redemption from Phenix, the complainant, or any other
ground, we most respectfully yet earnestly controvert.

The land was mortgaged by Merritt to Phenix. This
mortgage left a right to redeem in Merritt. Merritt after-
wards conveyed to Talbot. By the conveyance to Talbot,
Merritt parted with his right to redeem, (or equity of re-

demption,) and the same thereby passed to Talbot. Talbot then conveyed to Lockley and Hoyt. Thereby the equity of redemption passed to Lockley and Hoyt.

Lockey conveyed his share to another Hoyt, and thus the two Hoyts became the owners jointly of the equity of redemption. The right of the Hoyts passed by a mortgage, and its subsequent foreclosure by the execution of a power of sale, to Sweeney.

Through all the conveyances, from Merritt down to Sweeney, the equity of redemption in Merritt passed regularly down to Sweeney, and he was, at the commencement of this suit, and still is, the sole owner of the right to redeem reserved to the mortgagor, if any such right exists. This being the case, and for that reason, it is positively decided and clearly settled that the Hoyts are not material parties.

Let the court observe, that a *material* party is a *necessary* party, and then inquire, in the light of the authorities, whether the Hoyts were material parties. In the case of *Batre v. Auze*, (5 Ala. 173, 177,) it was held, in reference to a bill to enforce a vendor's lien, as follows: "The case made by the bill is very similar in all its analogies to a mortgage; indeed, the lien of a vendor for the purchase-money is considered as an equitable mortgage. In the relation which Lefebve stands to the land, having parted with all his interest by sale and conveyance, it is certain he is not an *indispensable* party; but it is equally certain, we think, that he could be joined as a defendant at the election of the plaintiff."

In the case of *Mims v. Mims*, (35 Ala. 23, 25,) it was held that after the entire interest of a mortgagor had been transferred to a purchaser at a sale under execution, the mortgagor was not an indispensable or necessary party defendant to the mortgagee's bill to foreclose.

The same principle is plainly laid down in Story's Eq. Pl. § 197, p. 199, as follows: "When the mortgagor has conveyed his equity of redemption absolutely, the assignee only need be made a party to the bill to foreclose."—2 Hilliard on Mort. 145, § 38.

From the authorities above cited, it is plain that the dispensing with the mortgagor and all holders intermediate between him and the present owner, rests upon the ground that they have parted with their interest.

The learned justice who delivered the opinion in this case cites Story's Eq. Pl. § 183, in support of the proposition that the Hoyts were indispensable parties on account of their right to redeem.

This paragraph relates to parties to suits to redeem, and not of foreclosure.

Even in suits to redeem, it is not said that the mortgagor is an indispensable party. On the contrary, it is cautiously remarked that "the mortgagor should, or at least may, be made a party." In a note to that paragraph, the distinction is drawn between indispensable parties and parties who may properly be joined.

The paragraph 183 alludes to the case of a bill to redeem, by the assignee of the mortgagor, who has assigned free of incumbrance, and is therefore still bound for the mortgage debt, the payment of which must be precedent to the redemption. That case surely can not be analogous to this bill to foreclose, when the entire interest has passed from the mortgagor through a succession of alienees to Sweeney.

The interest of Hoyt is merely the remotely consequential one of a warrantor of title, which has never been deemed sufficient to constitute one an indispensable party. Story's Eq. Pl. 76.

Hoyt has not, and can not have, any right to redeem; because he has aliened his entire interest. It is therefore respectfully submitted, that the necessity of Hoyt as a party can not result from any right to redeem. This becomes plain, if the question be asked, whether Hoyt, having aliened to Sweeney, could redeem?

If Hoyt has a right to redeem, so must Talbot and Lockley. Talbot and Lockey, like Hoyt, are mesne conveyancers. If the one has a right to redeem, so must the other.

The difference, however, is said to consist in the fact that Talbot and Lockley must be presumed to have conveyed without warranty. Now, on demurrer, the pleadings are to be most strongly construed against the pleader, and if the bill is silent as to the question, whether Talbot and Lockley were warrantors of the title, then the presumption must be against the complainant, who must be presumed to have stated the case as strongly for himself as it is capable of being stated.—Story's Eq. Pl. 452, *et seq.*

Construing the pleading against the pleader, and denying to him the right to supply an allegation by presumption, we must intend that Talbot and Lockley were warrantors of the title, and, therefore, the failure to make them parties is not excused upon the ground of their not appearing to be warrantors of title.

But it is respectfully insisted that the mere fact that one may be bound as a warrantor of title does not make him an indispensable party, and that, therefore, neither Hoyt nor Talbot and Lockley were necessary or indispensable parties, but that no discrimination can be made. If Hoyt was a necessary party, so were Talbot and Lockley. If the demurrer is not sustained upon the ground that Hoyt was not a necessary party, it must be sustained upon the ground that Talbot and Lockley were necessary parties.

In none of the cases decided in this State is any point made on the fact of the party's having, or not having, conveyed with warranty. The absence of warranty is merely mentioned in *Lewis v. Elrod,* (38 Ala. 19) ; but the decision is put purely upon the ground that the party was not indispensable because she had parted with all her interest. *Haley v. Bennett,* 5 Porter, 452 ; *Batre v. Auze,* 5 Ala. 173 ; *Mims v. Mims,* 35 Ala. 23 ; *Lewis v. Elrod,* 38 Ala. 17.

At the present term the following response was made to the application for rehearing, by

SAFFOLD, J.—If the Hoyts had not been made parties defendant, and could have enforced their statutory right to redeem the mortgaged property before the final decree,

the complainant's suit would have failed. This being so, they were material defendants. Talbot and Lockley retained neither the equity of redemption, nor the right of redemption.

The rehearing is denied.