# Wilkinson *v.* May.

*Bill in Equity to Enforce Vendor's Lien on Land for Unpaid Purchase Money.*

1. *Vendor's lien for unpaid purchase money; when it exists, and against whom enforceable.*—A vendor of lands, who has not taken security, although he makes an absolute conveyance, with a formal acknowledgment that the consideration is fully paid, retains an equitable lien for the payment of the purchase money, which will be enforced against the vendee and all persons claiming under him, other than *bona fide* purchasers without notice.

2. *Vendor's lien; party disputing must show it has been displaced or waived.*—Such lien, not being dependent upon a specific agreement for its creation, but existing independently thereof, and resting on the broad principle of equity, that one man ought not, in good conscience, to get and keep the estate of another without paying the consideration money, whoever resists the enforcement of the lien assumes the burden of proving that "it has been intentionally displaced or waived by the consent of parties; and if, under all the circumstances, it remains in doubt, then the lien attaches."

3. *Same; passes by an unqualified assignment of the purchase money.* A vendor's lien for unpaid purchase money is, in its very nature, assignable; and as an incident to the debt, it passes with an unqualified assignment or transfer of the note or other evidence of debt given for the purchase money.

4. *Same; what constitutes an assignment of.*—Where a husband sold a tract of land and caused the note given for an unpaid balance of the purchase money to be made payable to his wife, which he delivered to her either as a gift, or as compensation for her relinquishment of dower in other lands which the husband had sold, an irrevocable appropriation or assignment of the unpaid purchase money was thereby made, requiring no other act on the part of the husband to give it full effect; and with

3

such assignment of the purchase money, the lien securing the same also passed.

5. *Bill to enforce vendor's lien; who proper parties.*—Neither the personal representative nor the heirs of the deceased husband are proper parties to a bill filed by the wife to enforce a vendor's lien on lands, which was assigned to her by the husband with the unpaid purchase money, they having no right or interest in the subject matter of the suit.

6. *Under deed declaring naked trusts, no estate or interest passes to the trustee.*—Under the statute abolishing naked or dry trusts (Code of 1876, § 2185), the legal and equitable estates, which a conveyance to a naked trustee would have created at common law, are directly and immediately merged in the *cestui que trust*, and no interest or estate passes thereunder to the trustee.

7. *Bill in equity; what constitutes one a necessary party.*—To constitute one a necessary or indispensable party to a bill, in whose absence the court will not proceed to a final decree, he must have a material interest in the issue, which will be necessarily affected by the decree.

8. *Bill to enforce vendor's lien; when original purchaser not a necessary party.*—The original purchaser of land is not a necessary or indispensable party to a bill filed to enforce a vendor's lien thereon for the unpaid purchase money, when it is shown that he had parted with all interest in the land, and his vendee had succeeded thereto.

APPEAL from Butler Chancery Court.

Heard before Hon. JNO. A. FOSTER.

The bill in this cause was filed by Eliza A. May against W. W. Wilkinson, to enforce a vendor's lien on land for an unpaid balance of purchase money. The case made by the bill is substantially as follows: On 2d May, 1868, Seth S. May, who was the husband of complainant, but who had died prior to the filing of the bill, being seized and possessed of a lot of land in Greenville, in this State, sold it to William Miller and Jane M. Withers, and on the same day he and the complainant executed a deed conveying the lot to Benjamin Porter, as trustee for said purchasers. The deed is made an exhibit to the bill, and under its terms, Porter was a mere naked trustee of the legal title. The price agreed to be paid for the lot was $1,800, a part of which was paid by Miller on the day of the purchase, and for the balance, $950.39, he executed his note payable to complainant on demand. The bill then avers, that "said Seth S. May gave to oratrix the money due on said note, and ordered the note made payable to her in consideration of oratrix signing some other deeds to lands;" that the note was still due and unpaid; that Wilkinson was the owner of the lot so sold by the husband, and was in possession thereof; that he obtained possession and ownership from William Miller and Jane M. Withers, or from some one to whom they had sold the same; and that he had notice of complainant's lien and of the facts upon which it rested, before he paid for the lot under his purchase.

Wilkinson, the only defendant, demurred to the bill, assigning, in substance, as grounds of demurrer, that it appeared from

[Wilkinson v. May:]

the bill as follows: 1. That Seth S. May, the vendor of the lands, took no note for the unpaid purchase money, and that he did not transfer or assign any note taken therefor to the complainant; 2. That no vendor's lien was retained for the unpaid purchase money either in favor of Seth S. May or complainant; 3. That William Miller and Jane M. Withers are necessary parties; 4. That Seth S. May conveyed said lot to Porter as trustee, and it fails to show what had been done with, or in relation to said trusteeship, or whether the fee of said lot was still in said trustee, or that Wilkinson claims title under said trustee; 5. That May was dead, but fails to show whether he died intestate, or whether there was an administrator of his estate, or whether the complainant was the sole heir or legatee. The Chancery Court entered a decree overruling the demurrer; and this decree is here assigned as error.

J. C. RICHARDSON and GAMBLE & PADGETT, for appellant.— (1.) It is the settled doctrine of this State, that a vendor of land, who has made a conveyance to the vendee, and a part of the purchase money is unpaid, has a lien on the lands conveyed for the unpaid purchase money, unless there is something in the contract which repels the idea that a lien was intended to be retained. But this lien is personal to the vendor; the creature of equity, not of contract, and can not pass from the vendor without involving him in liability for its ultimate payment. And being a lien on land, it can not be created or passed to another by mere oral agreement—*Flinn v. Barber*, 61 Ala. 530; *Barnett v. Riser's Ex'rs*, 63 Ala. 347; *Bankhead v. Owen*, 60 Ala. 457; *Woodward v. Echols*, 58 Ala. 665; *Hightower v. Rigsby*, 56 Ala. 126; *Hause v. Hause*, 57 Ala. 262; 2 Wash. Real Prop. 507; *Moore v. Holcombe*, 3 Leigh, 597. The term lien in equity is used to denote a charge on property as a security for the payment of a debt, giving neither possession nor right of possession.—*Donald v. Hewitt*, 33 Ala. 534; *Peck v. Jenness*, 7 How. (U. S.) 920; 1 Story's Eq. Jur. § 506. (2.) Such lien is a personal privilege of the vendor, growing out of the relationship of vendor and vendee; and if such relationship be altered or relinquished, the lien will be destroyed. It is a substantive right, distinct and separate from the debt, united alone in the vendor, or where the vendor and transferee are linked together by the vendor being ultimately bound or liable for the debt to the transferee.—Authorities *supra*; 1 Bland's Chan. 523–4; *Mackreath v. Symmons*, 15 Ves. 329; *Wellborn v. Williams*, 9 Ga. 86; *Williams v. Young*, 21 Cal. 227; *Brush v. Kinsley*, 14 Ohio, 20; *Green v. Demoss*, 10 Hump. 371; *Shall v. Biscoe*, 18 Ark. 142; *White v. Williams*, 1 Paige, 502; *Ross v. Heintzen*, 36 Cal. 321; *Jackman v. Hal-*

*lock*, 1 Ohio, 147; *Briggs v. Hill*, 6 How. (Miss.) 362; *Gilman v. Brown*, 1 Mason, ·221.

WHITEHEAD & STALLINGS, *contra.*—(1.) A vendor holding the legal title does not lose his lien by stipulating that the price shall be paid to a third party, and notes given therefor are a lien upon the land.—*Hamilton v. Gilbert*, 2 Heisk. (Tenn.) 680; *Gault v. Trumbo*, 17 B. Mon. (Ky.) 682. In this case the vendor did not obtain benefit of payment by having note made payable to his wife. It therefore does not come within the reason assigned in *Hightower v. Rigsby*, 56 Ala. 126, why a transfer without endorsement does not convey the lien. (2.) It is well settled, that the vendor of land, in the absence of an agreement to the contrary, retains a lien on the land for the unpaid purchase money.—*Shorter v. Frazer*, 64 Ala. 74; *Foster v. Trustees et al.*, 3 Ala. 302; *Burns v. Taylor*, 23 Ala. 255; *Christian v. Austin*, 36 Tex. 540; *Selby v. Stanley*, 4 Minn. 65. Whether there was an intention to abandon this lien is a question of fact, to be gathered from the evidence and nature of the transaction. *Griggsby v. Hair*, 25 Ala. 327; *Hall's Ex'rs v. Click*, 5 Ala. 363; *Conner v. Banks*, 18 Ala. 42. .(3.) Wm. Miller and Jane M. Withers were not necessary parties.—*Batre v. Auze*, 5 Ala. 173. (4.) Porter was a mere naked trustee, and, under the statute, he took no interest or title in the property.—*You v. Flinn*, 34 Ala. 409; *Tindal v. Drake*, 51 Ala. 574.

BRICKELL, C. J.—The doctrine of the English court of chancery in its general statement, that the vendor of lands who had not taken security, although he makes an absolute conveyance with a formal acknowledgment, that the consideration is fully paid, retains an equitable lien for the payment of the purchase money, which will be enforced against the vendee, and all persons claiming under him, other than *bona fide* purchasers without notice, has always prevailed in this State. · The lien is not dependent upon a specific agreement for its creation—it exists independent of such agreement, upon a broad principle of equity, that one man ought not, in good conscience, to get and keep the estate of another, without paying the consideration money. Resting upon this principle, whoever resists the enforcement of the lien assumes the burden of proving, that "it has been intentionally displaced or waived by the consent of parties. If under all the circumstances it remains in doubt, then the lien attaches."—*Simpson v. McAllister*, 56 Ala. 228; 2 Story's Eq. §§ 1219–24.

The lien is intended for ·the security of the vendor, and is preserved and enforced for his benefit and protection. As an incident, it passes to an assignee of the debt, if necessary to

[Wilkinson v. May.]

protect the vendor from ultimate liability to the assignee. But when (prior to the recent statute—Pamph. Acts, 1878–9, p. 171,) the transfer of the note for the purchase money is made without recourse on the vendor; when he is freed from all liability for its payment, the lien not being necessary for his protection, does not pass to the assignee.—*Hall v. Click*, 5 Ala. 363; *Hightower v. Rigsby*, 56 Ala. 126; *Bankhead v. Owen*, 60 Ala. 457. That is not, as is argued by counsel, the question this case involves. The sale of the lands resulted in an obligation upon the purchaser to pay the vendor a specific sum of money, and instead of requiring the note to be made payable to himself, he caused it to be made payable to his wife, intending it partially as a gift, and partially as compensation for the relinquishment of dower in other lands he had sold and conveyed.

When the transfer of a note or other evidence of debt, given for the purchase money, is of a nature that involves the vendor in liability to the transferee for the payment of the debt, it is upon a principle of subrogation to the security the lien affords the vendor for the debt, that the transferee can enforce the lien. When the liability of the vendor does not exist, the medium of subrogation fails. The theory underlying the whole doctrine of the lien of a vendor for the purchase money of lands, is, that to the extent of the lien, the vendee, his heirs or devisees, and all persons claiming under him with notice, are trustees of the land for the vendor. In its very nature the lien is assignable, and, as we have seen before, passes with an unqualified transfer of the note or other evidence of debt, given for the purchase money. When the husband, instead of taking the note for the purchase money payable to himself, caused it to be made payable to the wife, and delivered it to her, though it may have been a mere gift, there was an irrevocable appropriation or assignment of the purchase money to the wife. No further or other act on the part of the husband was necessary to give full effect to the appropriation. The vendee became a trustee of the land, not for the husband, but for the wife, to whom he owed the duty of paying the purchase money.

Though not made the cause of demurrer, if a bill is defective for the want of necessary parties, on the hearing the chancellor must, *ex mero motu*, notice the defect, and cause the bill to be amended, or, if the complainant declines to amend, dismiss without prejudice.—*Goodman v. Benham*, 16 Ala. 625. And the absence of necessary parties is a matter of which this court will, *ex mero motu*, take notice.—*Prout v. Hoge*, 57 Ala. 28; *Dooley v. Villalonga*, 61 Ala. 129.

The present bill is not, however, objectionable because of the omission of necessary parties, though it may be all proper par-

[Vanderveer v. Ware.]

ties are not before the court. The personal representative of the husband has no right or interest in the subject-matter of the suit; nor have the heirs or devisees of the husband; and if they had been made parties defendant, their demurrer for misjoinder would have been sustained.

Under the statute abolishing naked or dry trusts no estate or interest passed to Porter by the conveyance expressed to be in trust for Miller and Withers. The operation of the statute is to merge the legal and equitable estates such a conveyance would have created at common law, directly and immediately in the *cestui que trust.—You v. Flinn*, 34 Ala. 409; *Tindal v. Drake*, 51 Ala. 574. The original purchasers, Miller and Withers, having parted with all interest in the lands, and the appellant having succeeded to their interest, they were not indispensable parties.—*Batre v. Auze*, 5 Ala. 173. To constitute a necessary and indispensable party to a bill, in whose absence the court will not proceed to a final decree, he must have a material interest in the issue which will be necessarily affected by the decree.—1 Dan. Ch. Pr. 190, and note. No such interest appears from the bill to reside in the absent parties it is insisted should be brought before the court.

Affirmed.