# Kirk *v.* Sheets.

### *Bill in Equity to enforce Vendor's Lien on Land.*

1. *Parties to bill.*—The notes of sub-purchasers having been transferred to the original vendor, he may maintain a bill to enforce a vendor's lien against them, without joining the original purchaser as a party, when it appears that the latter has conveyed the legal title to the sub-purchasers, and has no interest in the suit; and it is immaterial when the notes were transferred to the vendor.

APPEAL from from the City Court of Decatur, in equity.

Heard before the Hon. WM. H. SIMPSON.

The bill in this case was filed on the 29th March, 1889, by C. C. Sheets, against W. F. Kirk and J. D. Snodgrass, and sought to enforce a vendor's lien on land. The land had belonged to the complainant, and was by him sold and conveyed, in January, 1888, to S. M. Bains, W. D. Brown, and W. J. Robinson, who afterwards sold and conveyed to the defendants, taking their notes for the purchase-money. Two of the notes were signed by both of the defendants, and a third by Kirk alone. Each of them was payable to "Bains & Brown," and was transferred by them, by indorsement, to the complainant. The bill alleged that each of the notes was to bear interest from date, but that stipulation was omitted by mistake; but no relief was prayed as to that matter.

The defendants demurred to the bill, assigning the following as grounds of demurrer: (1) "because it does not allege when said notes were assigned to the complainant." (2) "because it shows that S. M. Bains and W. D. Brown are necessary parties;" (3) "because there is a misjoinder of causes of action, one of said notes being signed by Kirk alone, and the others by both of the defendants;" (4) "because the bill is vague and uncertain." The court overruled the demurrer, and its decree is here assigned as error.

BROWN & KIRK, and R. C. HUNT, for appellants.

[Johnson v. Ala. Gas, Fuel & Manufacturing Co.]

R. C. BRICKELL, *contra.*

STONE, C. J.—We find no error in this record. No relief is asked which can in any way affect Robinson, Bains, or Brown. No relief against them is asked, no title is sought to be devested out of them, and under no decree that can be rendered will they be either injured or benefitted.—*Batre v. Auze,* 5 Ala. 173; 1 Brick. Dig. 754--5, §§ 1714, 1715, 1716, 1726.; *Wilkinson v. May,* 69 Ala. 33; *McKay v. Broad,* 70 Ala. 377; *Woodall v. Kelly,* 85 Ala. 368. And is is equally a matter of indifference to the defendants at what time their bonds were transferred to Sheets. The matter of interest to them is, that they should not be required to pay the purchase-money of the lots to any one not authorized to receive it. When he became so authorized is a question in which they have no concern, provided his right accrued before he brought suit.

There is nothing in the other question.

Affirmed.