(110 So. 813)

**WALLS et al. v. SKELTON.** (8 Div. 808.)

(Supreme Court of Alabama. Dec. 16, 1926.)

**1. Landlord and tenant ⬅246(1)—Landlord's lien on specific articles is limited to those given to aid tenant as to living expenses or as to crop production (Code 1923, § 8799).**

In Code 1923, § 8799 (Code 1907, § 4734), providing for landlord's lien on specific articles, such lien is limited to those articles which were advanced to aid tenant, either as to living expenses of himself and family, or as to production, harvesting, and marketing of his crops.

**2. Pleading ⬅34(3)—Rule that on demurrer ambiguous allegations will not be aided by implication will not be applied to disregard plain meaning of language.**

Rule that, on demurrer, ambiguous allegations are not to be aided by intendment or implication is not to be applied with such technical refinement as to disregard plain and common sense meaning of language as ordinarily understood.

**3. Landlord and tenant ⬅262(3)—In landlord's lien suit, alternative allegations, though defective, held sufficiently to show that landlord had made advances to assist tenant in producing crops (Code 1923, § 8799).**

In suit to enforce landlord's lien, given by Code 1923, § 8799 (Code 1907, § 4734), alternative allegations by complainant, though defective, *held* sufficiently to show that money or property with which tenant acquired mules was advanced by complainant to aid tenant in producing and gathering crops.

**4. Pleading ⬅8(12)—In landlord's lien suit, statement of legal conclusion in complaint held harmless, being supported by sufficient facts.**

In suit to enforce landlord's lien under Code 1923, § 8799 (Code 1907, § 4734), statement of legal conclusion that advances had been so made that complainant held landlord's lien *held* harmless and proper; sufficient facts having been stated to render it not subject to demurrer otherwise available.

**5. Chattel mortgages ⬅138(3)—Landlord advancing mule to aid tenant in gathering crops had lien superior to that of subsequent mortgagee (Code 1923, § 8799).**

Where complainant to suit to enforce landlord's lien under Code 1923, § 8799 (Code 1907, § 4734), advanced one mule and money to purchase another mule to assist tenant in gathering his crops, complainant was entitled to have statutory lien on mule advanced superior to claims of subsequent mortgagee against such property.

**6. Landlord and tenant ⬅252(3)—Purchaser of crop, knowing of tenancy, is charged with knowledge, not only of rent lien, but also of lien for advances.**

Purchaser of crop, having knowledge of tenancy, is charged with knowledge, not only of a lien for rent, but also of a lien for advances.

**7. Landlord and tenant ⬅245—Amount of landlord's lien on mule advanced to aid tenant held value of mule at time of purchase and delivery to tenant (Code 1923, § 8799).**

Amount of landlord's lien under Code 1923, § 8799 (Code 1907, § 4734), for mule advanced by landlord to aid tenant in gathering crops, *held* value of mule at time mule was sold to complainant and delivered to tenant.

**8. Landlord and tenant ⬅245—Landlord's lien is for value of property advanced in specie at time of advance (Code 1923, § 8799).**

When property is advanced in specie, lien is for price or value at time of advance, in view of Code 1923, § 8799 (Code 1907, § 4734).

**9. Landlord and tenant ⬅245—Landlord's lien for money advanced to be used to purchase property is for amount advanced, not for value of property purchased (Code 1923, § 8799).**

When money is advanced and used to purchase property, landlord's lien is for amount advanced, not for value of property purchased, in view of Code 1923, § 8799 (Code 1907, § 4734).

**10. Landlord and tenant ⬅251(4)—Personal judgment against mortgagee for destruction of landlord's lien is limited to value of property at time of conversion.**

Where personal judgment is sought against mortgagee for destruction of landlord's lien, it is limited to value of property at time of conversion.

**11. Landlord and tenant ⬅262(6)—In landlord's lien suit, decree will be made specific as to exact property charged with lien (Code 1923, § 8799).**

In suit to enforce landlord's lien under Code 1923, § 8799 (Code 1907, § 4734), decree intending to establish lien on one mule furnished in specie to tenant will be corrected to be specific; confusing use of singular and plural being eliminated.

**12. Equity ⬅401—In landlord's lien suit, order of reference held unnecessary; main issue in case being shown sufficiently by evidence (Code 1923, § 8799).**

In action to enforce landlord's lien under Code 1923, § 8799 (Code 1907, § 4734), on mule advanced by landlord to aid tenant in gathering crops, amount due on mule being main issue in case and being shown sufficiently by evidence, order of reference was entirely unnecessary.

**13. Landlord and tenant ⬅262(2)—In suit to enforce landlord's lien on mules advanced to tenant and mortgaged to another, tenant mortgagor held necessary party (Code 1923, § 8799).**

In suit to enforce landlord's lien under Code 1923, § 8799 (Code 1907, § 4734), on mules advanced to aid tenant and subsequently mortgaged to one of defendants by tenant, such tenant mortgagor was necessarily a party to the suit, because retaining an equitable interest in mortgaged mules which would be affected by the suit.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

14. **Landlord and tenant** ☞262(2)—In action to enforce landlord's lien on property advanced to tenant and subsequently mortgaged, decree against mortgagee held binding, though tenant not joined (Code 1923, § 8799; chancery practice rule 18).

In suit to enforce landlord's lien, under Code 1923, § 8799 (Code 1907, § 4734), on mules advanced to help tenant gather crops and subsequently mortgaged by tenant to defendant, trial court *held* authorized by rule 18 of chancery practice to proceed to final decree against mortgagee without tenant being made party to suit.

15. **Landlord and tenant** ☞262(6)—Final decree in landlord's lien suit held erroneous as to tenant, on whom notice of amendment of complaint had not been served (Code 1923, §§ 6559, 8799).

In action to enforce landlord's lien under Code 1923, § 8799 (Code 1907, § 4734) on property advanced to aid tenant, though decree pro confesso was valid against such tenant in view of Code 1923, §§ 9431, 9432, no personal judgment for payment of money being sought against him, final decree, after material amendment of complaint, *held* erroneous as to tenant; copy of amendment not having been served as mandatorily prescribed by section 6559, and there being no decree pro confesso on amended bill, such decree not being capable of being taken, in absence of such notice of amendment.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Bill in equity by R. H. Skelton against S. J. Walls and J. G. Gamble. From a decree for complainant, respondents appeal. Modified, corrected, and affirmed in part, and reversed and remanded in part.

The bill of complaint is filed by a landlord to enforce his statutory lien against a mortgage of his tenant. As foundation for the lien, the bill, as amended, shows:

"(2) That during the time said defendant Gamble lived on and cultivated the lands of complainant under the contract existing between said parties as set out above, complainant, for the purpose of aiding said Gamble to make and gather his crops on complainant's land, advanced to said Gamble as such tenant the following property, to wit: One blue mare mule about 4 years old, and one black horse mule about three years old—or said property was purchased by said Gamble with money advanced by complainant, or said property was obtained by barter in exchange for property advanced by complainant in such a way as that complainant has and holds a landlord's lien on said property under Code 1907, § 4734; that said Gamble is now and was at the time of the filing of this bill justly indebted to the complainant for and on account of the above-described property and advancements as above set out the sum of $350, which indebtedness is still due and unpaid."

The demurrer of respondent Walls to the amended bill includes the following grounds: (a) The averment that the advancement was made in such a way as that complainant acquired a landlord's lien on said property is the averment of a conclusion; (b) it is not averred that said mules were purchased by Gamble with money advanced by complainant to him to enable him to make and gather said crops; (c) because it is not averred that said mules were obtained by barter in exchange for articles advanced by complainant to said Gamble to enable him to make said crops.

This demurrer being overruled, respondent Walls answered, denying the allegations showing a lien, and averring that he was a purchaser for value under his mortgage, without notice of any lien in favor of complainant.

Complainant's testimony tended to show that his tenant Gamble bought a mule, on complainant's account and by his authority, from one Still, in February, 1920, for which complainant paid Still the value of the mule at that time, $120 or $125, that complainant gave to Gamble $125 in money for the purchase of another mule, for use on the farm he was renting from complainant, and that nothing had been paid by Gamble to complainant on these mules.

Respondent Walls' testimony tended to show that Gamble acquired the mules by trading his own property for them; that when Walls took his mortgage on them they were in Gamble's possession and claimed by him as his own; that Walls had no knowledge of complainant's asserted lien, but knew Gamble was living on and cultivating complainant's land; that, after Gamble left the place and went out of the state, he *bought* the the mules from Gamble's wife and son, and took them over and sold them for $150.

Gamble was made a party respondent in the original bill, and a decree pro confesso was taken against him on September 10, 1923, reciting that a copy of the bill of complainant was sent out to him by registered mail, prepaid, with return receipt demanded, and that "said return receipt is on file in this cause."

On April 14, 1925, Gamble appeared *specially* by attorney, and filed a motion to set aside the decree pro confesso against him and the alleged service on him of the notice of filing the bill, on numerous grounds, setting up defects in the statutory process of service, and also because the bill of complaint had not been amended when the decree pro confesso was entered.

On submission for final decree, this motion was overruled, and a decree entered adjudging a lien in favor of complainant on "the mules," superior to Walls' mortgages, and granting relief "for the value of the mules." A reference was made to the register to ascertain and report the value of "the mule" at the time they were received by Walls.

Appellant Walls assigns for error the rendi-

tion of the decree granting relief, and the order of reference to the register.

Appellant Gamble assigns for error the overruling of his said motion, and also the proceeding to a final decree without answer by him to the amended bill, or without decree pro confesso against him on the amended bill.

Street, Bradford & Street, of Guntersville, for appellants.

Demurrer of respondent Walls to the amended bill should have been sustained. Lucas v. Oliver, 34 Ala. 626; Micou v. Ashurst, 55 Ala. 607; Ala. Warehouse v. Jones, 62 Ala. 550; Gordon v. Ross, 63 Ala. 363; Lehman v. Meyer, 67 Ala. 396; Heyer v. Bromberg, 74 Ala. 524; Sim's Ch. Proc. 215. Gamble, the holder of the legal title to the property, is an indispensable party. Thomas v. Jones, 84 Ala. 302, 4 So. 270; Davis v. Smith, 88 Ala. 596, 7 So. 159; Broughton v. Mitchell, 64 Ala. 210; Hambrick v. Russell, 86 Ala. 199, 5 So. 298; McCully v. Chapman, 58 Ala. 325; Duval v. McLoskey, 1 Ala. 708; Erwin v. Ferguson, 5 Ala. 158; 3 Mayfield's Dig. 257. The court erred in proceeding to final decree before the amended bill was at issue as to respondent Gamble. This question is available to respondent Walls. Sims Ch. Prac. 139, 144, 148, 162; Nat. City Bank v. Barret, 214 Ala. 35, 106 So. 168; Keiffer v. Barney, 31 Ala. 192; Smith v. Lambert, 196 Ala. 269, 72 So. 118; Farmers' Bank v. Inman, 207 Ala. 284, 92 So. 604. The decree is in error in failing definitely to describe the mule subject to complainant's lien. Sims Ch. Prac. § 596; Street's Fed. Eq. Prac. § 1516; 1 Black on Judgments, §§ 114–123. The decree pro confesso was improperly granted, and should have been set aside. Notice of amendment should have been given Gamble. Code 1907, § 3104; Chancery rule 22; Acts 1915, p. 706; Acts 1919, p. 557; Smith v. Lambert, supra; Durr v. Hanover Bank, 148 Ala. 363, 42 So. 599.

Isbell & Scruggs, of Guntersville, for appellee.

Gamble was not a necessary party. Street v. Sinclair, 71 Ala. 110; Jackson v. Rutherford, 73 Ala. 155; Foster v. Carlisle, 148 Ala. 259, 42 So. 441; Hardison v. Plummer, 152 Ala. 619, 44 So. 591. Respondent Walls took with notice of complainant's lien. Kelly v. Eyster, 102 Ala. 325, 14 So. 657; Atkinson v. James, 96 Ala. 214, 10 So. 846; Hughes & Tidwell v. Carr, 203 Ala. 469, 83 So. 472; Donohoo v. Zellner, 17 Ala. App. 209, 84 So. 556; Waite v. Corbin, 109 Ala. 154, 19 So. 505.

SOMERVILLE, J. [1] Section 8799 of the Code (Code 1907, § 4734), under which complainant claims the lien here asserted, provides:

"A landlord has a lien, which is paramount to, and has preference over, all other liens, on the crop grown on rented lands for rent for the current year, and for advances made in money, or other thing of value, either by him directly, or by another at his instance or request for which he became legally bound or liable at or before the time such advances were made, for the sustenance or well being of the tenant or his family, or for preparing the ground for cultivation, or for cultivating, gathering, saving, handling, or preparing the crop for market; and also on all articles advanced, and on all property purchased with money advanced, or obtained by barter in exchange for articles advanced, for the aggregate price or value of such articles and property."

It will be observed that the first and major clause limits the lien given to the landlord for *advances* to those advances which were made to aid the tenant, either as to the living expenses of himself and family, or as to the production, harvesting, and marketing of his crops. The last and minor clause, providing for a lien also on *specific articles*, does not in terms repeat this limitation, but the structure as well as the sense of the entire statute very clearly preserves it.

[2, 3] So we think, notwithstanding the rule that on demurrer ambiguous allegations are not to be aided by intendment or implication, the structure as well as the sense of complainant's allegations as to the creation of his lien on the two mules, considered as a whole, shows very clearly that the money or property, with which it is alleged in the alternative the two mules were acquired, was advanced by complainant to Gamble "for the purpose of aiding said Gamble to make and gather his crops," as was expressly alleged of the first alternative—the advancement of the mules, specifically.

[4] The rule of pleading above referred to is a sound and wholesome rule, promotive of clearness, completeness, and precision in the formulation of litigated issues, but it is not to be applied with such technical refinement as to disregard the plain and common sense meaning of language as ordinarily understood. Moreover, there is no reasonable doubt, under the evidence, as to the purpose of the advancement of the one mule, or of the money for the purchase of the other; so that the question of a defective alternative allegation, as complained of by demurrer, had no real or meritorious bearing on the result. We of course agree with counsel for appellants that the allegation that the advances were made "in such a way as that complainant has and holds a landlord's lien on said property," is but the statement of a legal conclusion; and, unsupported by a sufficient showing of facts, would be subject to demurrer on that ground. But, sufficient facts being stated—as here— the statement of conclusion is harmless and indeed proper.

[5] With respect to Walls' claim of protection as a purchaser for value without notice of the landlord's lien, counsel concede the general rule that, so long as *the crops* grown on rented premises remain thereon, a mortgagee or other purchaser is chargeable with notice of the landlord's lien on *such crops,* if lien there be, and must submit to its paramountcy, as declared by the statute. Lomax v. Le Grand, 60 Ala. 537; Waite v. Corbin, 109 Ala. 154, 156, 19 So. 505; Bush v. Willis, 130 Ala. 395, 399, 30 So. 443. But it is insisted that a different principle should govern with respect to lien-burdened property other than crops, because, while the origin of the crops is plainly traceable to the rented soil, there is nothing in the mere presence of other property on the land to indicate to the outside world that it was advanced to the tenant under circumstances imposing upon it the statutory lien of a landlord. The argument is plausible, but lacks convincing merit. The logic of the rule of notice is certainly stronger in the case of a lien on crops than in the case of a lien on live stock or other property; but the difference is one merely of degree and not of principle. Being chargeable with knowledge of the statute creating the lien, and of the right of the landlord to make such advances, and of the fitness and prevalence of such advances by landlords to their tenants, third persons must inquire of the landlord, at their peril, as to the status of any personal property, within the purview of the statutory prescription, kept by the tenant on premises leased by him. Although none of our decisions on this general subject seem to have dealt with notice as to this kind of property, the rule has been stated in terms broad enough, perhaps, to cover all cases. Waite v. Corbin, 109 Ala. 154, 155, 156, 19 So. 505. And in Dunlap 'v. Steele & Vandergrift, 80 Ala. 424, 428, where the mortgagee of a tenant's mare sued the mortgagor's landlord in trespass for taking and disposing of the animal under a landlord's writ of attachment, the court said:

"If the defendant was in fact the landlord of the mortgagor, and as such landlord advanced the mare, under the statute, to the mortgagor as his tenant, his lien on the mare for the advance is superior to the lien of the plaintiffs' mortgage; and he had the statutory right to enforce the lien by the process of attachment, a statutory ground existing."

[6] It is inferable from the report of the case that the mare was on the rented premises when the mortgage was taken, and there is nothing to indicate that the mortgagee had other notice than that fact, of the existence of the landlord's lien. And, in general, a purchaser of the crop having knowledge of the tenancy, is charged with knowledge, not only of a lien for rent, but also of a lien for advances. Atkinson v. James, 96 Ala. 214, 218, 10 So. 846.

We think the trial court correctly found that complainant has a statutory lien on the mule advanced, and that it is superior to Walls' mortgages.

[7-9] It is objected to the decree that it grounds the lien on the *value of the mule,* rather than on the *amount of value advanced* by complainant. When property is advanced in specie the lien is for the price or value at the time of the advance; and when money is advanced and used to purchase property, the lien is for the *amount advanced,* and not for the value of the property bought. Code, § 8799. Technically, therefore, the decree of reference is erroneous in fixing the lien at the *value* of the mule at the time it was received by Walls.

The amount due from the tenant to complainant for rent and advances was a lien on the *crops* grown on the rented lands, but not on *articles* advanced. As to such articles the lien given is limited to "the aggregate price or value." Code, § 8799. Hence it was immaterial what, if anything, remained due for rent and advances in general, provided it was shown, as it was, in fact, that the price or value of the mule advanced remained unpaid. The testimony of the witness Still, who owned the blue mule, showed that the price of this mule, which was sold by him to complainant and delivered to the tenant, was the value of the mule at the time, which he stated was $120 to $125.

[10] The aggregate amount of the lien on the blue mule is therefore $120, with interest from the date of advancement, and that is the proper amount to be charged against the mortgagee if he chooses to redeem from the lien. Of course, where a personal judgment is sought against the mortgagee for destruction of the lien, it would be limited to the value of the property at the time of conversion.

[11] Notwithstanding the confusion incident to the careless use of singular and plural, due no doubt to errors in copying, we infer from a reading of the entire decree that the lien declared is upon one mule only, and that this is the blue mule, the one bought from Still, and the only one furnished in specie to the tenant. But the decree ought to be more specific, and not leave the identity of the lien-charged mule open to doubtful inference.

[12] In our view of the case, as fully outlined above, the amount due on the mule being the main issue in the case, and being shown sufficiently by the evidence, an order of reference was entirely unnecessary. Levert v. Redwood, 9 Port. 79, 94. And we think, in view of the defects noted, that the decree as a whole should be modified and corrected so as to now end the litigation, in conformity with the principles stated.

Our decree will therefore vacate the order of reference to the register and will declare and fix a lien in favor of complainant against the respondent Walls, upon the "blue mare mule" described in the bill of complaint, in the sum of $120, with interest from February 1, 1920, and will allow said respondent 30 days hereafter for the payment into court of said amount in satisfaction of said lien, in default of which said mule shall be ordered sold for the satisfaction of said lien, as directed by the decree of the circuit court. As thus modified and corrected, the decree against the respondent Walls will be affirmed.

[13] As to the respondent Gamble, the tenant mortgagor, it seems clear that he was a necessary party to the bill.

"To constitute a necessary and indispensable party to a bill, in whose absence the court will not proceed to a final decree, he must have a material interest in the issue which will be necessarily affected by the decree." Wilkinson v. May, 69 Ala. 33.

A bill filed to enforce a lien on property must necessarily involve and materially affect the interests of those who own the property. In the instant case, so far as appears from the bill and answer, Gamble retained an equitable interest in the mortgaged mules. He was interested both in the matter of complainant's asserted lien, and in the matter of Walls' asserted mortgage. So long, therefore, as Gamble's interest in the mules was undivested, he was a necessary party to the bill, and without him the court could not, as to him, declare and enforce the lien asserted by complainant. Batre v. Auze's Heirs, 5 Ala. 173, 177. Wilkinson v. May, 69 Ala. 33; Mims v. Mims, 35 Ala. 23.

[14] But, as to Walls, the trial court was authorized, by rule 18 of chancery practice, to proceed to final decree without Gamble being made a party; the decree in that event not being binding upon Gamble. So far, therefore, as Walls is concerned, Gamble was not a necessary party, and the failure to bring him into court by proper service, if so, or the failure to have against him a decree pro confesso upon the amended bill, was not error available to Walls for the reversal of the decree against him. Mims v. Mims, 35 Ala. 23.

[15] But, as to Gamble, the matter stands differently. The recitals in the decree pro confesso sufficiently show, prima facie, that a copy of the bill of complaint was duly sent to him by registered mail, and that his return receipt was on file in the cause, and, further, that he was duly served with process more than 30 days before. On these showings the decree pro confesso must be held as valid until duly set aside; no personal judgment for the payment of money being sought against him. Code 1923, §§ 9431, 9432.

But, after the decree pro confesso was entered, the bill of complaint was materially amended, and the record does not show that a copy of the amendment was served on Gamble, as mandatorily prescribed by section 6559 of the Code. There was no decree pro confesso on the amended bill, and such a decree could not have been properly taken in the absence of the notice to him of the amendment. Farmers' State Bank v. Inman, 207 Ala. 284, 92 So. 604; Id., 208 Ala. 281, 94 So. 105.

It results that the final decree against Gamble on the amended bill was erroneous, and that the decree must, as to him, be reversed, with remandment for further appropriate proceedings. Having been made a party to the bill, though unnecessarily, he is entitled to litigate complainant's claim on his own account, unless by amendment he be forthwith eliminated from the cause. Batre v. Auze's Heirs, 5 Ala. 173, 177.

Modified, corrected, and affirmed, in part, and reversed and remanded in part.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.