# Foxworth *v.* Brown Bros.

)|120    59
:|129   514

### *Action of Assumpsit for Money Had and Received.*

1. *Action for money had and received; evidence; existence of mortgage can be proved by parol, when merely collateral to main issue.*—In an action for money had and received by a landlord against one who purchased cotton grown upon the rented premises with notice of plaintiff's lien upon it for rent, as tending to show that the defendant had notice of plaintiff's lien for rent, the fact that the seller and tenant had, the current year and the year previous, given to the defendant a mortgage on the crops grown on the place rented from the plaintiff, which was known and called by a certain name. can be proved by parol evidence ; since the evidence sought, being merely collateral and incidental to the main issue in the case, does not fall within the rule requiring the highest and best evidence.

2. *Notice of relation of landlord and tenant; duty of purchaser from tenant to inquire as to the existence of landlord's lien.*—Where one buys cotton, which he knows to have been raised by the seller on rented premises, he is bound to inquire as to the existence of the lien in favor of the landlord on said cotton, and in failing to make such inquiry, he cannot claim protection against said lien.

3. *Same; admissibility of evidence as to payment of rent for preceeding year.*—In an action by a landlord for money had and received against one who purchased cotton grown on the rented premises, evidence that during the year preceeding the one in question, the tenant had sold the crop raised on the same premises, to the defendant, and in order to pay plaintiff's rent for the year, he gave him a draft on defendant, which specified that it was for rent of the same place, which was known and called by a certain name, and that said draft was paid by the defendant, is admissible as tending to show knowledge on the part of the defendant that the said named place belonged to the plaintiff.

4. *Same; same.*—Where the purchaser of a crop subject to a landlord's lien, had purchased the crop raised the preceeding year on the same place, from the same tenant, and out of the proceeds paid a draft drawn by the tenant in favor of the landlord, which recited that it was for the rent of the place owned by his landlord and known and called by a certain name, in an action by the landlord for money had and received, against such purchaser, evidence that the purchaser knew the name of the place

· [Foxworth v. Brown Bros.]

which the seller of the crop was renting from the plaintiff, is admissible as tending to show that the defendant knew that the farm belonged to the plaintiff, or that he was put in possession of a fact which would have provoked inquiry resulting in such knowledge.

5. *Evidence; admisssbility of certified copy of mortgage.*—Under the statute. providing that where a party has not the custody or control of the original conveyance, a certified transcript may be offered in place of the original, (Code of 1886, § 1798; Code of 1896, § 992), a certified copy of a mortgage is admissible, where it is shown that the original was not in the possession of the party offering it, and that he had notified the other party in the suit to produce it, and that in the event of his refusal to do so, a copy would be introduced.

6. *Same; same; effect of registration as notice.*—A mortgage may be admitted to record without acknowledgement or proof of execution, and when so recorded its effect as constructive notice is the same as if such acknowledgement or proof had been made, (Code of 1896, § 1797; Code of 1886, § 991); and it is no objection to the introduction in evidence of a certified copy of a mortgage, which had been recorded, that the original was neither acknowledged or proved by subscribing witnesses.

7. · *Same; error without injury.*—In an action at law, error in excluding testimony offered in proof of a certain fact is cured, and becomes error without injury, by the adverse party subsequently admitting such fact.

8. *Same; against whom it does not prevail.*—The landlord's lien does not prevail against one who purchases from the tenant for a valuable consideration without notice of the lien, and after removal of the crops from the rented premises.

9. *Landlord's lien; what constitutes bona fide purchaser without notice.* One who, without notice, actual or constructive, of the lien of the landlord, receives property from the tenant partly in payment of an antecedent debt, and with the balance of the purchase money pays orders drawn on him by the tenant, is a *bona fide* purchaser for value without notice.

10. *Same; against whom it does not prevail.*—A landlord who consents to his tenant shipping and selling the crop raised on the rented premises before paying the rent, waives his lien as to a purchaser thereof from the tenant.

11. *Pleading and practice; charge of court as to evidence illegally admitted.*—Where incompetent and illegal testimony has been admitted in evidence, which might have been excluded at any stage of the trial on proper motion made, the court may, at the request of the adverse party, exclude its consideration from the jury by a charge so instructing them.

[Foxworth v. Brown Bros.]

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This action was brought by the appellant, Francis G. Foxworth, against the appellees, Brown Brothers; and counted upon the common count for money had and received. The facts of the case are sufficiently stated in the opinion. There were several exceptions reserved by the plaintiff to rulings upon the evidence; but the facts pertaining thereto are sufficiently stated in the opinion also.

Upon the introduction of all the evidence the plaintiff requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe the evidence in this case, they will find for the plaintiff." (2.) "If the jury believe the evidence in this case, they will find for the plaintiff, unless they find from all the evidence before them that the plaintiff waived his lien as landlord upon the cotton grown in 1892 on the premises rented by him to J. P. Shamberger, and shipped by Shamberger to the defendants." (3.) "If the jury believe from the evidence before them that Brown Brothers, the defendants, received cotton grown on the McNeill place during the year 1892 in payment of a mortgage indebtedness previously arising from J. P. Shamberger to them; sold said cotton and applied the proceeds thereof to the credit of such indebtedness, then said defendants are not *bona fide* purchasers for a valuable consideration, entitling them to a notice of the landlord's lien on said cotton for his rent, and the plaintiff will be entitled to recover in this cause."

At the request of the defendants, the court gave to the jury the following charges, and to the giving of each of them the plaintiff separately excepted: (1.) "If the jury believe from the evidence that the plaintiff consented to Shamberger shipping and selling the cotton raised upon the rented place before paying the rent, then they ought to find a verdict for the defendants, and such consent may be expressed or implied from the dealings between the parties." (2.) "The court charges the jury that any statement that Shamberger may have made to the plaintiff to the effect that defendants had told him to ask plaintiff to extend the date of the payment of rent

[Foxworth v. Brown Bros.]

is no evidence, as against them, that defendants sent
plaintiff any such message, and should not be considered
by the jury as evidence that defendants sent any such
message." (3.) "The court charges the jury, that if
defendants had no knowledge or notice of plaintiff's lien
for rent, or of facts putting them upon inquiry as to such
lien, the jury ought to find a verdict for defendants."
(4.) "The court charges the jury, that if they believe
from the evidence, that Shamberger shipped his cotton
to defendants, and that they sold the cotton and ac-
counted to Shamberger for it by applying part of the
proceeds to the payment of Shamberger's debt to defend-
ants, and by paying Shamberger's drafts for the balance
before plaintiff demanded his rent of defendants, the jury
ought to find a verdict for defendants, unless they further
believe that defendants knew that part of the cotton was
raised upon rented land, or had notice of the fact that
would reasonably put a merchant upon inquiry as to
such rental, and which, if followed up by diligent in-
quiry, would have resulted in knowledge on the part of
defendants of such renting; and the burden of proving
such knowledge or notice would, under the circumstances
stated above, be upon the plaintiff."

There were verdict and judgment for the defendants.
The plaintiff appeals, and assigns as error the several
rulings upon the evidence to which exceptions were re-
served, and the refusal to give the charges requested
by him, and the giving of the chages asked by the de-
fendants.

J. N. MILLER and CLARKES & WEBB, for appellant.—
The court erred in sustaining the defendants' objection
to the following questions asked by the plaintiff of the
witness J. P. Shamberger, viz: "Did the defendants
take the mortgage on crops grown by you on the McNiel
place?" and "Did you give in 1892 to defendants a mort-
gage on the crops grown by you on the McNeil place?"
These were questions tending to show notice on the
part of the defendants, or of facts, if followed up, lead-
ing to notice, and were properly asked under the predi-
cate laid. The court erred in excluding them.—*Lomax
v. LeGrand & Co.*, 60 Ala. 537.

The court erred in refusing upon defendants' objection,

[Foxworth v. Brown Bros.]

to allow the certified copy of the mortgage to be intro-
duced in evidence by the plaintiff. This was, as is
shown by the transcript, a certified copy of a mortgage
on personalty, duly probated.—*Bickley v. Keenan & Co.*,
60 Ala. 296. The court erred in sustaining defendants'
objection to the following question asked by the plaintiff
of the witness J. P. Shamberger: "Did the defendants
know the name of the plantation you are renting?" This
was clearly error. The question was asked to show no-
tice to the appellees that witness was renting land from
appellant, or that they were possessed of a fact or circum-
stance, which, if followed up, would have given them
such notice.—*Lomax v. LeGrand & Co.*, 60 Ala. 537; *Fox-
worth v. Brown Bros.*, 114 Ala. 299; *Townsend v. Brooks*,
76 Ala. 311; *Warren v. Barnett*, 83 Ala. 208.

The court erred in giving the first charge requested
in writing by the defendants. The charge states an
incorrect proposition of law, in that the mere consent of
the landlord to a tenant's shipping his cotton from the
rented lands is a waiver of his lien. The giving of the
charge tended to mislead the jury, who would be com-
pelled to find under it for the defendants, even though
they were purchasers with notice of plaintiff's lien.
Said charge is also abstract.—*Lomax v. LeGrand*, 60 Ala.
537; *Foxworth v. Brown*, 114 Ala. 299.

The court erred in giving the second charge requested
in writing by the defendants. There is no testimony
on the part of defendants rebutting the evidence of their
having sent Shamberger to ask plaintiff to extend the
date of the payment of rent for 1892. Said evidence
was admitted without objection from defendants, who
doubtless speculated upon its showing a waiver by plain-
tiff of his lien. They can not seek to remove its effect
from the jury by the charge given.—*Ellis v. State*, 105
Ala. 72; *McCalman v. State*, 96 Ala. 98; *Billingsley v.
State*, 96 Ala. 126.

GREGORY L. & H. T. SMITH, *contra*.—A person who
takes property, in the usual course of trade, in absolute
payment and satisfaction of an antecedent debt is, as a
general proposition, a *bona fide* purchaser.—*Life Ins. Co. v.
Ledyard*, 8 Ala. 866; *Saffold v. Wade*, 51 Ala. 214; *Craft
v. Russell*, 67 Ala. 9; *Thames v. Rembert*, 63 Ala. 572.

A person who takes property to be sold and applied to the absolute payment and satisfaction of an antecedent debt, and who sells such property and actually so applies it, is a *bona fide* purchaser.—*Dawson v. Flush*, 97 Ala. 539.

When defendants showed that they received the cotton in payment of an honest debt actually due, the burden was upon the plaintiff to show, if he could, other infirmities in the transaction avoiding it.—*Barton v. Barton*, 75 Ala. 400 ; *Moog v. Farley*, 79 Ala. 246.

During the examination of the tenant, appellant asked him if defendants took a mortgage on the McNeil place in 1891, that being the place upon which the rents for 1892 in suit, arose. This question was objected to by appellees because the contents of the mortgage could not be proven orally. This was an effort to prove the contents of the lease by parol evidence.—*May v. May*, 1 Port. 229 ; *Daughdrill v. Daughdrill*, 108 Ala. 321. And no predicate whatever, had been laid for its introduction. Such evidence was clearly inadmissible.—*Ricketts v. Railway Co.*, 85 Ala. 600 ; *Hughes v. Warehouse Co.*, 94 Ala. 613 ; *Blackman v. Dowling*, 57 Ala. 78 ; *Steed v. Knowles*, 97 Ala. 573. The court did not err in refusing to admit in evidence what purported to be a certified copy of the mortgage. The paper offered is not made part of the bill of exceptions, and the court can not, therefore, know what it was, or purported to be, and can not tell whether it would have been relevent, or irrelevant. For this reason alone, if for no other, the circuit court can not be put in error.—*Roberts v. State*, 68 Ala. 515. The objection states that the mortgage was not properly acknowledged, but purports to have been acknowledged before Judge Beck. Under these circumstances, Judge Beck became a subscribing witness to the mortgage and the execution of the mortgage itself, had the original been produced, could not have been proven without either calling him as a witness or accounting for his absence.—*Jenks v. Terrell*, 73 Ala. 238 ; *Askew v. Steiner*, 76 Ala. 218 ; *Railroad Co. v. Jones*, 92 Ala. 218. And a copy can not be proven without accounting for the absence of the original.—*Bogan v. McCutchen*, 48 Ala. 493 ; *Insurance Co: v. Whidden*, 103 Ala. 203.

Appellant, however, did not insist upon being allowed to prove the copy, but stated that he only offered to have

[Foxworth v. Brown Bros.]

the witness, Shamberger, read it to refresh his memory. The witness did not make, and had never read, the paper shown him. It was an effort to show a witness a paper he had never seen before, in order to refresh his memory as to the facts contained therein. This was clearly inadmissible.—*Jaques v. Horton*, 76 Ala. 238; *Acklen v. Hickman*, 63 Ala. 494; *L. & N. R. R. Co. v. Cassibry*, 109 Ala. 697; *Stoudenmire v. Harper Bros.*, 81 Ala. 242; *Howell. v. Carden*, 99 Ala. 100.

HARALSON, J.—This is an action by the appellant, F. G. Foxworth, against the defendants, Brown Brothers, for money had and received by them for the use of the plaintiff.

1. The cause of action, as developed on the trial, originated in this wise : The plaintiff rented to one Shamberger for the year 1892, his plantation in Wilcox county, Ala., known and called the McNeil place, for the sum of $500. Shamberger procured advances from the defendants in that year, and gave them a mortgage on his crops to be grown the same year, to secure the advances. He shipped the cotton he raised to defendants, without having paid his rent to plaintiff, and they sold the same and appropriated the proceeds to their own use, in the payment of Shamberger's mortgage indebtedness to them, with knowledge of the fact, as plaintiff insists, or with sufficient notice of facts to put them on inquiry to ascertain the fact, that plaintiff owned the plantation on which the cotton was raised and had a lien on it for the payment of his rents. Shamberger testified, that defendants advanced him that year about $1,000, and that the proceeds of the cotton shipped during the year to defendants was placed to the credit of that sum so advanced to him by them ; and that he also gave drafts on them for other accounts due up the country ; that when defendants sold said cotton, they made account sales of it to him, and placed the amount due him to the credit of the money previously advanced to him ; that in the year 1892 he shipped to defendants between 30 and 40 bales of cotton grown on the plaintiff's McNeil place, which was all sold by them before the first of January, 1893, and that the net proceeds of the cotton was over $25 a bale. He further testified that

5

the plaintiff did not give his consent for him to ship the cotton before paying the rent.

2. In order to show notice to defendants of the plaintiff's lien for rent, he sought to introduce evidence tending to show that said Shamberger had rented said McNeil place from plaintiff in 1891; that defendants had made advances to him for that year, to secure which Shamberger gave them a mortgage on the crops grown on said place; that he had done the same thing for the year 1892, and that defendants knew that said cotton was raised on plaintiff's said plantation. The witness testified without objection, that for each of the years, 1891 and 1892, he gave defendants a mortgage for advances made to him by them, in each of said years. He was asked as to each of said years, if he gave to defendants a mortgage on the crops grown on the McNeil place. These questions were each objected to by defendants, on the ground, that they called for secondary evidence, and no proper predicate had been laid for its introduction; that the contents of the mortgage could not be given by the witness. The evidence proposed was not subject to the objections interposed. The gravamen of the suit was, that the defendants had received cotton grown upon the rented land of the plaintiff, and sold and received the money for it, and appropriated it to their own use, with notice of the plaintiff's lien on it for rent. When the case was here on a former appeal (114 Ala. 299), we held in repetition of what had been frequently held before, that actual knowledge is not necessary to charge a purchaser of cotton from the tenant with notice of the landlord's lien on the same; that whatever is sufficient to put him on inquiry, is also sufficient to charge him with notice (60 Ala. 537; 76 Ala. 311; 83 Ala. 208); and that if the purchaser have knowledge of facts sufficient to excite such inquiry, or a knowledge of facts, which would naturally and reasonably be calculated to arouse suspicion of the main fact, notice of which is sought to be charged to him, the duty of inquiry exists and he must exercise it.—*Kyle v. Ward*, 81 Ala. 120. The mortgage inquired about, could not have defined and determined the relative rights of the parties to this suit. It was by a third party to the defendants, and not by plaintiff to them, and was not a main issue in the cause. The pur-

pose of its introduction was to show that the defendants had notice that the cotton was raised on plaintiff's McNeil farm, or gave them notice of a fact which, if followed up, would have given them knowledge of facts calculated to put them on inquiry. There was other evidence tending to show, that defendants knew or had notice that the cotton was raised on plaintiff's farm, and the evidence sought by these questions, also tended to show the same thing. But, the evidence sought was merely collateral and incidental to the main issue, and does not fall within the rule requiring the highest and best evidence.—*East v. Pace*, 57 Ala. 521 ; *Street v. Nelson*, 67 Ala. 504 ; *Winslow v. The State*, 76 Ala. 42.

3. The plaintiff introduced evidence tending to show, that in 1891, said Shamberger having rented said farm from plaintiff, and having received advances from defendants that year, shipped them the cotton raised on the plaintiff's plantation and others he was cultivating in Wilcox county, and that in order to pay plaintiff's rent for that year he gave him a draft on defendants for seven hundred and fifty dollars, which draft specified on its face that the sum drawn for, was "as rent for the McNeil place," which draft the defendants paid. It was payable on the 15th of December after date, and was drawn between the 1st of December, 1891, and the latter date. This evidence was admissible as tending to show knowledge on the part of the defendants, that the McNeil place belonged to plaintiff. In this connection, the plaintiff asked the witness : "If the defendants knew the name of the plantation he was renting?" The court, on the objection of defendants, that the question called for illegal and irrelevant evidence, refused to allow the witness to answer. The evidence certainly was not illegal or irrelevant, for if defendants knew the name of the plantation, and that the relation of landlord and tenant existed between plaintiff and Shamberger, these were facts pertinent to be submitted to the jury, for what they were worth, as tending to show that defendants knew that the farm belonged to plaintiff, or that they were thus put in possession of a fact which tended to arouse suspicion of that fact, and was calculated to provoke inquiry concerning it.—Authorities *supra; Kelly v. Eyster*, 102 Ala. 325, Moreover, if the witness knew

the fact about which he was asked, he should have been allowed to answer it.—Code of 1886, § 1798 ; Code 1896, § 992 ; *Jones v. Hagler*, 95 Ala. 529 ; *Huckabee v. Shepherd*, 75 Ala. 342 ; *Boggs v. Price*, 64 Ala. 514.

4. The witness Shamberger was handed a certified copy of a mortgage purporting to have been given by him to defendants, and was asked by plaintiff to look at it and see if it was a copy of the mortgage so given. "The counsel for the defendants objected" (employing the language of the bill of exceptions) "to any proof as to the copy of the mortgage, first, because it was secondary evidence of the contents of the mortgage, and second, because the mortgage purports to have been acknowledged before Jas. T. Beck, judge of probate of Wilcox county, and the instrument must be proved by the subscribing witness ; because it was never in fact acknowledged. Counsel for the plaintiff stated to the court that plaintiff did not offer it as a certified copy of the mortgage, but offered it as a memorandum to refresh witness' memory as to the contents of it. The court asked the witness if the mortgage was not in his handwriting? Counsel for plaintiff said that it was not, but a copy of the original mortgage, and offered as a memorandum to refresh witness' memory, stating, that on the 8th of April, 1897, notice was given to the defendants, the holders of said mortgage, to produce it, which notice was as follows :" Here is set out the notice given, which appears to have been full as to the description of the mortgage, to show that it was given on the 1st day of February, 1892, "upon all crops grown by the said Shamberger upon the McNeil plantation, and other lands cultivated by said Shamberger in Wilcox county," Ala., upon mules, etc. ; and defendants were notified thereby, "that in the event of their failure to produce upon said trial the original instrument in writing above described, secondary evidence of the contents of said instrument will be offered by the plaintiff." Service of this notice was accepted by the defendants, on the 8th of April, 1897. The copy of said mortgage, which is nowhere set out in the transcript, was now, as the bill recites, "offered as secondary evidence."

.The witness also stated. that the mortgage was not in his.possession; that he had searched for it and could not find it; that he owed a· balance on said mortgage and that another merchant had paid this balance for. him, and that the papers were ·transferred. to the other. merchant by defendants,. and witness had not.paid. the other merchant. There was no pretence that plaintiff was in possession of the mortgage,. and there was, no evidence tending to show that fact...

The plaintiff it thus appears, having first. sought .to· introduce this certified transcript of. the mortgage, modified this .offer by stating that he .offered.it to refresh.the. witness' memory about the original; but, after the introduction .of other proof, he finally renewed his offer to introduce. the certified transcript of the original.

The Code provides, that such instruments when recorded within twelve months from their date, or. prior to the 15th December,. 1895, may be received in. any court. without proof; and if it appears that the original has been lost or. destroyed, or that the party offering the transcript has not the custody or control thereof, the court must receive the transcript, duly certified, in the place of the original.—Code, 1886, § 1798. The precise objection to the introduction of the transcript of this mortgage, as we have seen, was because it was secondary evidence, and was neither acknowledged nor proved by the subscribing witness thereto. As for these objections, the certified transcript should have been admitted and not excluded. Proof of the execution of a. mortgage, or an acknowledgment of it, is not indispensable to registration. It may be made without either and operates as notice of its contents.—Code of 1886,· § 1797.; . Code of 1896,. § 991; *Rickley v. Keenan*, 60 Ala. 293.

5. If there was error in excluding that part. of the.· plaintiff's testimony, in which he stated that the $750 ·· draft (of .his tenant, Shamberger to him, on defendants,· for the rent of the· McNeil place for the year 1891) .had. been paid by defendants, on the ground that it was. hearsay and illegal, it was error without injury, since the defendants proved the same fact by A. Brown, .one of the defendants, who afterwards stated on his own· examination, that he paid said draft.

6. There was no room for the general charge re-··

quested by plaintiff. The second charge requested by him and refused, was an erroneous instruction. It was the general charge in plaintiff's favor, unless the jury found from the evidence that plaintiff had waived his lien on the cotton grown on his place in 1892, in favor of defendants. The evidence on the part of plaintiff tended to show, it is true, that defendants came to the knowledge of facts, calculated to put them on inquiry as to plaintiff's rent lien ; but, on the other hand, that on the part of defendants tended to show, that while the cotton remained on the rented premises of plaintiff, defendants knew nothing of the renting, and that they received, and their right to it accrued, after the tenant removed and shipped it to them in Mobile, and this, without any knowledge on their part, actual or otherwise, that plaintiff had a lien on it for rent.

The lien of a landlord under our present statute prevails against the tenant, while he has possession of the crops, and against volunteers and purchasers from him without notice ; but the lien will not prevail against those who purchase from the owner, for a valuable consideration, without notice of the lien, and after the removal of the crops from the rented premises. The plaintiff may not have waived his lien, and yet this fact would not entitle him to the general charge in his favor. *Scaife v. Stovall*, 67 Ala. 237 ; *Andrews Mf'g Co. v. Porter*, 112 Ala. 381.

The third charge requested by plaintiff bases the right of plaintiff to recover on the fact that defendants are not *bona fide* purchasers of said crop, if they received the cotton grown on the plaintiff's place during the year 1892, in favor of a mortgage indebtedness previously arising from the tenant, Shamberger, to them, and sold it and applied the proceeds to such indebtedness. If they so purchased said cotton and sold it, and so applied its proceeds, the instruction is, in substance, that they are liable, even if they had no notice of plaintiff's lien. Such a principle has no foundation under our present statute and the decisions construing it.—*Scaife v. Stovall*, 67 Ala. 237 ; *Ehrman v. Oats*, 101 Ala. 604 ; *Belser v. Youngblood*, 103 Ala. 545.

We are unable to discover any vice in the four charges requested by and given for defendants. The second is

[Greenwood v. Warren *et al.*]

no more in effect, than to exclude from the consideration of the jury, evidence that was patently hearsay and illegal, competent to be excluded on motion at any stage of the trial.

Reversed and remanded.