# Alabama Cotton Products Co., *et al.* *v.* Myrick.

## *Trover.*

Decided July 2, 1907.   44 South. 587.)

*Trover; Mortgage and Lien; Right of Mortgagee.*—In order to recover in trover for the conversion of crops on which there was an unrecorded mortgage and a landlord's lien, from a purchaser of the tenant and mortgagor, the mortgage and lienor must show that defendant had purchased with notice of the lien, or facts that would have put him on inquiry, and whether defendant was charged with such notice, or whether plaintiff authorized the sale to the defendant, under the facts in this case is a question for the jury.

APPEAL from Elmore Circuit Court.

Heard before Hon. A. H. ALSTON.

Trover and case by E. D. Myrick against the Alabama Cotton Products Company and others, for the conversion of certain cotton, and for the destruction of plaintiff's lien. There was judgment for plaintiff, and defendant appeals. Reversed and remanded.

PEARSON, GOLDSON & RICHARDSON, for appellant.—The court erred in giving the affirmative charge.—Section 991, Code 1896; *Deering v. Lightfoot,* 16 Ala. 28. Whether or not defendant had notice of the lien was for the jury.—16 A. & E. Ency. of Law, 796. In order for knowledge or information of an agent to be binding upon the principal, it must be acquired by the agent while transacting the business of his principal, and in the line of his duties.—*Central Co. v. Joseph,* 125 Ala. 313; *Pierce v. Smith,* 126 Ala. 160.

WILSON & MARTIN, for appellee.—The appeal is taken by two parties jointly and they jointly unite in the as-

[Alabama Cotton Products Co., et al. v. Myrick.]

signment of error, and neither can take anything unless the assignments are good as to both.—*Killian v. Cox*, 132 Ala. 64; *Hillen v. Springfield*, 113 Ala. 304. Where one buys crops which he knows has been raised by the seller on rented premises, he is bound to inquire as to the existence of the lien in favor of the landlord, and cannot claim protection as a bona fide purchaser, if he has sufficient facts to arouse suspicion which, if followed up, will lead to knowledge.—*Bush v. Willis*, 130 Ala. 395; *Foxworth v. Brown Bros.*, 120 Ala. 59; *Warren v. Barnett*, 83 Ala. 208.

ANDERSON, J.—The evidence shows that the defendant Ivey bought the cotton at Deatsville, three or four miles from where it was raised. The plaintiff claimed a landlord's lien as well as a mortgage on the cotton, but admitted that he never told Ivey of his lien or mortgage, and that the mortgage had not been recorded. In order for the plaintiff to recover, it was incumbent upon him to show that Ivey purchased with notice of his lien or of facts that would put him on inquiry. It is not even shown that Ivey knew that Henry Holt was the plaintiff's tenant, or where the cotton was grown. The plaintiff did testify that he furnished Ivey with a list of persons to whom certain fertilizer was to be delivered, and that it contained the name of Henry Holt. If this was a fact tending to show that Holt was his tenant, notwithstanding he failed to notify Ivey that he was, it was clearly a question for the jury, and that circumstance did not entitle plaintiff to the general charge. Moreover, the trial court erred in giving the general charge for the plaintiff for another reason: The tenant, Henry Holt, testified that plaintiff gave him authority to sell the cotton. It is true that plaintiff denied giving his consent, but this was a question for the

[Rogers v. King.]

jury.—*Foxworth v. Brown Bros.*, 120 Ala. 59, 24 South. 1.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.