### PINCKARD & LAY v. ROLAND.
### (7 Div. 465.)

(Supreme Court of Alabama. April 24, 1924.)

Landlord and tenant ⟨⟩328(3) — Landlord's right to accounting for proceeds of crop not waived by consent to sale.

Landlord consenting to sale of tenant's crop by tenant's mortgagee on condition that mortgagee should account to extent of landlord's advances did not so waive lien as to defeat right to an accounting as to proceeds.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Action in assumpsit by T. W. Roland against Pinckard & Lay. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Motley & Motley, of Gadsden, for appellant.

The plaintiff waived his lien by permitting removal of the property. 24 Cyc. 1274; McGowin L. & E. Co. v. McDonald L. Co., 186 Ala. 580, 64 South. 787; McCarty v. Roswald, 105 Ala. 511, 17 South. 120; 3 A. & E. Ency. Law, 960; Planters' Comp. Co. v. Howard, 35 Tex. Civ. App. 300, 80 S. W. 119; McCollum v. Wood (Tex. Civ. App.) 33 S. W. 1087; Gilliam v. Smither (Tex. Civ. App.) 33 S. W. 984; White v. McAllister, 67 Mo. App. 314; Fulkerson v. Lynn, 64 Mo. App. 649; Foxworth v. Brown Bros., 120 Ala. 59, 24 South. 1; Ala. Cot. Oil v. Myrick, 151 Ala. 626, 44 South. 587.

Hood & Murphree, of Gadsden, for appellee.

Counsel argue the points raised, but without citing authorities.

SAYRE, J. Appellee's complaint contained two counts: The first alleging that defendants by converting into money four bales of cotton which had been raised on plaintiff's land by his tenant had destroyed plaintiff's lien for rent and advances; and the second claiming money had and received by defendants to plaintiff's use. The jury found for plaintiff under the second count, thus eliminating the first. Defendants appeal.

In the fall one Chandler hauled the cotton in question to Gadsden and placed it in a warehouse for plaintiff's tenant, and turned the warehouse receipts over to defendants, who, in February, had taken a mortgage on the tenant's crop, among other things. Plaintiff gave to Chandler an order, addressed to defendants, directing them to turn the rent over to him, viz. one-fourth of the cotton; but, specifically, plaintiff advised defendants that he had a lien on the cotton for advances, and would expect defendants to account to him for the amount of such advances if they disposed of the cotton. Afterwards defendants sold the cotton and paid to Chandler the amount of his order, but have refused to account to plaintiff for any part of the proceeds. This was the case supported by plaintiff's evidence, and, of course, of it the court in instructing the jury was bound to take account. There was dispute whether plaintiff's tenant was indebted to him on account of advances, but that was determined by the jury in plaintiff's favor, and needs no further notice.

Plaintiff waived his lien by consenting to the sale of the cotton and for this reason the jury referred their finding to the second count. But this consent was upon condition, in substance, that defendants should account to plaintiff, to the extent of his advances, for the amount realized over and above the order' plaintiff had given to Chandler. This, at least, was the case supported by the tendencies of plaintiff's testimony. But the charges—the general affirmative charge among the rest—refused to defendants proceeded upon the theory that, because plaintiff had waived his lien by consenting to their sale of the cotton, he thereby estopped himself to claim, as against defendants, any part of the proceeds. The rights of the purchaser from defendants are not in question. As to them, it will be conceded, plaintiff's waiver was complete. But, as between plaintiff and defendants, if plaintiff's waiver, in virtue of which defendants acquired the right to sell the cotton, was limited by the proviso that defendants should account to him for the amount of the proceeds over and above the rent, it needs only a statement of the case to demonstrate that defendants should so account, and that the charges assigned for error, which wholly ignored this aspect of the case, were properly refused.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes