## GAY & BRUCE v. W. B. SMITH & SONS.
### (7 Div. 762.)

Supreme Court of Alabama. Nov. 10, 1927.

1. **Chattel mortgages** ☰➡229(1)—Refusal of charges to find for mortgagee if mortgagor sold cotton without landlord's authority held proper, if landlord was relieved of liability (Code 1923, § 9008).

In mortgagee's suit for conversion of cotton, where plaintiffs' evidence showed that mortgage was given them after mortgagor tenant moved to R. county, and was valid incumbrance, under Code 1923, § 9008, and defendants claimed that proceeds of cotton were applied to satisfy lien of mortgagor's landlord which was superior to plaintiff's claim, it was not error to refuse plaintiff's charges that if mortgage was executed after mortgagor moved into R. county, and that cotton raised by mortgagor there was sold without authority from landlord, to find for plaintiff since if proceeds of cotton sold went to relieve landlord of any liability, mortgagees could not complain, even though landlord's previous consent had not been given.

2. **Chattel mortgages** ☰➡227—Charge that mortgagor could direct application of proceeds of cotton to assignee of landlord's lien held proper (Code 1923, §§ 8799, 8802).

In mortgagee's action for conversion of· cotton, where defendants claimed that proceeds of sale thereof was applied in satisfaction of superior lien of grower's landlord for rent, it was proper to charge, under Code 1923, §§ 8799, 8802, that mortgagor had right to direct application of proceeds to landlord's lien assigned by landlord to a third person.

3. **Chattel mortgages** ☰➡229(1)—Charge, to authorize recovery evidence must show cotton was plaintiff's property, with right to possession, and that defendants converted it, held proper.

In suit by mortgagee for conversion of cotton, where defendants claimed price paid for cotton went to satisfy claim of transferee of indebtedness from tenant for. which landlord stood security, and which was superior to plaintiff's claim, it was proper to charge that, to authorize recovery for mortgagee, evidence must show cotton was property of mortgagee, and their immediate right of possession thereto, and that defendant converted it.

4. **Trial** ☰➡244(5)—Charge, if plaintiff's witnesses knowingly and intentionally gave false testimony jury could reject entire testimony, held not error as singling out evidence.

·In suit for conversion of cotton, instruction, that, if jury believed plaintiff's witness knowingly and intentionally gave false testimony as to material matter, they could reject his entire testimony, held not error as singling out evidence.

5. **Witnesses** ☰➡275(6)—Question to witness whether he knew bank was transferee of landlord's lien held immaterial and irrelevant.

In suit by mortgagee for conversion of cotton, where facts as to landlord's lien controlled without regard to what witness knew, question to him as to whether he knew bank was transferee of landlord's lien was immaterial and irrelevant.

6. **Appeal and error** ☰➡1050(2)—Error in allowance of ·question on immaterial and irrelevant matter held not to require reversal.

In mortgagee's suit for conversion of cotton, where facts as to landlord's lien on cotton controlled without regard to knowledge of witness, error in allowance of question to him on cross-examination as to whether he knew bank was transferee of landlord's lien held not reversible, where form of question was not otherwise objectionable.

7. **Chattel mortgages** ☰➡229(3)—Allowing defendants to show that tenant directed application of proceeds of cotton to· discharge landlord's lien held proper in mortgagee's suit for conversion.

In mortgagee's suit for conversion of cotton, where defendant's claim that proceeds of sale thereof went to satisfy in part claim of. transferee of landlord's lien ,superior to plaintiff's claim, allowing defendants to show by mort-; gagor that he directed his agent to apply proceeds of cotton in part discharge of landlord's lien for advances held not error.

Appeal from Circuit Court, Clay County; E. S. Lyman, Judge.

Action in trover by Gay & Bruce against W. B. Smith &·Sons. .From a judgment for defendants, plaintiffs ˙ appeal. Transferred from Court of Appeals, under Code 1923, § 7326. Affirmed.

The following requested charges were refused to plaintiffs:

"(1) The court charges the jury that, if you are reasonably satisfied from the evidence that the mortgage was executed by H. C. Pitts to plaintiff after Pitts moved into Randolph county, and that the bale of cotton, raised by Pitts and involved in this suit, was sold without au-

---

thority from the landlord, then your verdict will be for the plaintiff.

"(2) The court charges the jury that, if you are reasonably satisfied from the evidence that the landlord did not authorize H. C. Pitts, his tenant, to sell said bale of cotton, at or before the time of the sale to the defendants, and that said mortgage was executed by H. C. Pitts after he moved into Randolph county, your verdict should be for the plaintiffs.

"(3) The court charges the jury that, if you are reasonably satisfied from the evidence, after having considered all of it, that Claudie Fuller, the landlord, did not authorize the sale of the cotton to defendants, and you are further satisfied from the evidence, after having considered all of it, that the indebtedness of the plaintiffs' mortgage had not been paid at the time of said purchase of said cotton, and that said mortgage was executed by H. C. Pitts after he moved into Randolph county, your verdict should be in favor of the plaintiffs for the damages which you find, from the evidence, plaintiffs sustained."

"B. The court charges the jury that, if you are reasonably satisfied from the evidence that Claudie Fuller did not authorize H. C. Pitts to sell the bale of cotton involved in this suit, and that said mortgage was executed by H. C. Pitts after he moved into Randolph county, then your verdict will be for the plaintiff for the full amount for which the bale of cotton was sold, less the amount paid the landlord for rents and advances."

These charges were given for defendants:

"(13) I charge you, as a matter of law, gentlemen of the jury, that before you can find a verdict in favor of the plaintiffs, Gay & Bruce, for the conversion of said bale of cotton, you must be reasonably satisfied from the evidence that said bale of cotton was the property of plaintiffs, and that the plaintiffs had the immediate right of possession to said bale of cotton, and that defendants converted said bale of cotton to its own use."

"(18) The jury are instructed that if they believe that any of plaintiffs' witnesses knowingly and intentionally gave false testimony on his examination as a witness as to a material matter, then you have a right to reject his entire testimony."

"(22) The court charges the jury that H. C. Pitts had a right to direct the application of the proceeds of the cotton involved in this suit to the landlord's lien assigned by Claudie Fuller to Farmers' & Merchants' Bank, if the jury is reasonably satisfied from the evidence that Claudie Fuller assigned the landlord's lien to the Farmers' & Merchants' Bank."

Jas. W. Strother, of Dadeville, and Pruet & Glass, of Ashland, for appellants.

It was error to permit defendants to show by Pitts that he told the bank to apply the money on the paper Fuller had transferred to it. Pace v. State, 162 Ala. 56, 50 So. 353; N. C. & St. L. v. Moore, 148 Ala. 67, 41 So. 984. The question to plaintiff S. J. Gay, whether he knew the bank was transferee of the landlord's lien, was improperly allowed. Henderson v. State, 109 Ala. 40, 19 So. 733; Whaley v. Bright, 189 Ala. 137, 66 So. 644.

Walter S. Smith, of Lineville, for appellees. Brief did not reach the Reporter.

SAYRE, J. The contest in this cause revolved around the second count in appellants' complaint, in which they claimed damages for the alleged conversion by defendants of the proceeds of one bale of cotton on which appellants claimed a mortgage lien. Plaintiffs assumed by this complaint the burden of proving that they had a property right in the cotton, either general or special—in this case the right of a mortgagee—and the possession or the right to immediate possession. 12 Mich. Dig. sub. cap. "Trover and Conversion," § 14. Defendants, appellees, claimed that the money, the proceeds of the sale of the cotton, had been applied in satisfaction of the lien of the grower's landlord for rent or advances, a lien superior to that of plaintiffs' mortgage, if any. As indicated, the cotton in question had been grown by a tenant, one Pitts, on land rented (from one Fuller). Defendants claimed that mortgage had been executed before the tenant had acquired any interest in the land, and hence that mortgage was ineffectual, under section 9008 of the Code, to vest title in plaintiffs. Windham v. Stephenson, 156 Ala. 341, 47 So. 280, 19 L. R. A. (N. S.) 910, 130 Am. St. Rep. 102. As to that, the testimony was in conflict. Further, defendants claimed that the money they gave for the cotton went to satisfy in part a claim of the Farmers' & Merchants' Bank as transferee of an indebtedness in a much larger sum due from the tenant to one Graben for the price of two mules for which the landlord stood security. Plaintiffs contended that the claims on account of the mules had been transferred to the bank after the money had been paid to it for the credit of defendants and as an afterthought to avoid liability to plaintiffs. As to that also, the evidence was in conflict.

[1, 2] The evidence for plaintiffs tended to show that the mortgage from Pitts to them was given after Pitts had moved to Randolph county in January, 1921. If so, then the mortgage under which plaintiffs claimed was, as between the parties, a valid incumbrance, under section 9008 of the Code, to which, in that event, the decision in Windham v. Stephenson, supra, had no derogatory application, for the cotton was raised by the tenant on the place in Randolph county. Nevertheless charges 1, 2, 3, and B were refused to plaintiffs without error, for the reason that, if the price of the cotton went to relieve the landlord of liability, pro tanto, on account of the purchase price of the mules, they had no cause of complaint even though his previous consent had not been given, nor would plaintiffs be heard to complain in his stead. And for the like reason the tenant had a right to apply the price of the cotton in discharge of

the lien for the price of the mules, and charge 22 was given on defendants' request without error. . The landlord's claims for rent and advances were secured by the same lien, section §799 of the Code, and his assignee had all the rights and remedies of the landlord. Section 8802, Code. Plaintiffs had no just ground of complaint so long as the price of the cotton went in discharge of a superior lien.

[3] The rule of law declared in Windham v. Stephenson, supra, in connection with the reasons heretofore stated in justification of the court's action as to other charges will suffice to show that charge 13 was not erroneously given for defendants.

[4] Charge 18 was properly given on the request of defendants. The objection that it erroneously singled out testimony for plaintiffs cannot be maintained. This court has frequently approved charges of the sort which referred to named witnesses. McClellan v. State, 117 Ala. 140, 23 So. 653, and case there cited; Alabama Steel Co. v. Griffin, 149 Ala. 439, 42 So. 1034.

[5, 6] We are in agreement with appellants that the question put to Dr. Gay, one of the plaintiffs, and allowed by the court, "You knew the Farmers' & Merchants' Bank was transferee of the landlord's lien, did you not?" was wholly immaterial and irrelevant. It was a matter of no consequence whether or what the witness knew as to that. The facts as to the lien controlled without regard to what the witness knew, and, in view of our stated conclusion, the form of the question was immaterial. And, in any event as to the materiality of the question, the form of the question was not otherwise objectionable for the reason that it was asked on cross-examination. We cannot therefore see our way to a reversal on account of the allowance of this question.

[7] There was no error in allowing defendants to show by the tenant, Pitts, that he directed his father, as his agent, to apply the proceeds of the bale of cotton in part discharge of the landlord's lien for advances (the mules) by paying them to the bank, assignee of the lien. This testimony went to show the authority of the agent of the tenant to make an application in discharge in part of a lien superior to plaintiffs' mortgage, and hence, in connection with other evidence showing actual payment, that the payment infringed on no prior right of plaintiffs.

We think there is no necessity for a further discussion of the assignments of error. It was clearly within the province of the jury to render a verdict in favor of defendants, though the evidence was in dispute, and we have not been able to find reversible error in the record, though some of it relates to immaterial matters.

The judgment will be affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.