194 So. 409

**JOHNSON v. PRUITT.**

**7 Div. 603.**

Supreme Court of Alabama.

Dec. 14, 1939.

Rehearing Denied Jan. 25, 1940.

Merrill & Merrill, of Anniston, opposed.

Ross Blackmon, of Anniston, for petitioner.

FOSTER, Justice.

This is an action by a mortgagee against the purchaser of four bales of cotton grown by the mortgagor, and subject to the mortgage.

The defense here material to be considered was that the cotton was also subject to a landlord's lien for rent, and that she gave instructions to the tenant to sell the cotton in such manner and form and at such time as to protect the purchaser

under her superior lien. There seems to be no contention but that the tenant, mortgagor, owed the landlord as rent one-fourth of the cotton, and one-fourth of the corn grown on the premises, and that she had advanced to him sums of money to enable him to make and gather the crop, a large amount of which was then unpaid—all as much as the purchase price of the cotton.

The evidence for defendant tenant tended in one aspect to show that about the time the tenant started gathering the crop, he had a conversation with Mrs. Poe, the landlord, with respect to a sale of it by him. One version of that conversation was that she told him to sell the cotton and pay all his indebtedness without specifying any certain debt.

Another version was that she told him to sell four bales of cotton and pay her one-fourth rent, and pay the rest of it on a mule note and mortgage held by the First National Bank, given to Wilson and White, which was not on the crop for that year, and for the payment of which the landlord had not become liable as for an advancement to make a crop.

The tenant sold the four bales of cotton to defendant and received two checks, one for $63.07 payable to the landlord, and which the tenant mailed to her, and one for $189.53 payable to the bank, out of which he paid the bank $170.

We understand the opinion of the Court of Appeals to be in agreement with the oral charge of the court as well as some of the written charges given for plaintiff, that under this state of the evidence the landlord waived her lien which permitted the rights of plaintiff as mortgagee to step into superiority over those of the purchaser even to the extent of the $63.07, which was paid her as her one-fourth value of the cotton sold to defendant. This is attempted to be supported in argument upon the theory that whatever authority given by the landlord to sell this four bales of cotton, though it was coupled with the direction that she be paid one-fourth of the proceeds on account of her rent, was done before the cotton was gathered, and was then outstanding, and there was no selection and setting apart of any certain portion; that, therefore, there was no delivery to her actual or constructive.

The argument is apparently based on some of the statements made in Belser v. Youngblood, 103 Ala. 545, 15 So. 863. It is said that it would sanction a dangerous precedent for the landlord to allow the tenant to sell at his discretion a part of the crop on which the rent lien attached before delivery to the landlord, and to hold that the purchaser acquired a good title by such sale as against the mortgagee who did not consent. The evidence tended to show that Young, the landlord, authorized the tenant to gather, pick and sell cotton and pay him the money: that he did so and sold this cotton to defendant, and paid Young $26.50, and paid the balance for picking, ginning and preparing the cotton for market. The Court held that the plaintiff was entitled to recover for the Young cotton.

In Keith v. Ham, 89 Ala. 590, 7 So. 234, the sale as made by the tenant was unauthorized by the landlord: the Court held that at the suit of the mortgagee in trover, defendant should not be allowed to prove in reduction of the damages that a part of the proceeds of the sale was applied by the tenant to the payment of the landlord's claim which was superior to that of the mortgagee, plaintiff.

In Mutual Warehouse Co. v. Hamilton, 171 Ala. 82, 55 So. 116, the question came up again, and it was held that payment to the landlord would not defeat plaintiff's right to recover unless the landlord had previously acquired possession actually or constructively, and the cotton was sold under his direction.

In Gay & Bruce v. Smith & Sons, 211 Ala. 358, 100 So. 633, the suit was by a mortgagee of cotton grown by a tenant and sold by him to defendant. The defendant's evidence tended to show that the landlord was present and helped load the cotton when it was hauled off and sold, and that he consented for the tenant to sell the cotton and pay the note and apply the balance on a mule note when due. This was disputed and became a question of fact. The Court referred to the Belser case, supra, where it was said that if a portion is set apart for the landlord to satisfy the claim for the rent and advances, and the tenant by direction of the landlord sells it and pays the landlord, the purchaser takes a good title against the mortgagee, since there is a constructive possession and sale by the landlord. Referring to certain requested charges, the Court held that mere consent of the landlord to a sale without more is a waiver of his lien, without effect on the rights of the mortgagee. But that to operate so as to deprive the mortgagee from the assertion of his claim against the purchaser the sale must be not only by the

consent of the landlord, but on his account, and for the purpose of satisfying the lien. That was said to be a jury question on account of the dispute in the evidence.

Evidently the same case came to this Court again. Gay & Bruce v. Smith & Sons, 217 Ala. 33, 114 So. 468. The charges 2, 3 and B in both cases were the same, except in a respect not here material. They directed a finding for plaintiff if the landlord did not authorize the tenant to sell the cotton to defendants. They were refused by the court, which this Court there said was without error, for although the landlord did not give such authority, if the price of the cotton went to pay a debt for advances by or at the instance of the landlord under sections 8799 and 8802, Code, plaintiffs had no just ground of complaint, so long as the price of the cotton went in discharge of a superior lien.

When a landlord authorizes the sale of cotton on which he has a lien for the purpose of raising the money to pay the rent, he has a lien on the proceeds of the sale, not dependent upon any theory of a constructive delivery of the cotton. Bellingrath v. Samuel, 219 Ala. 263, 122 So. 27; Pinckard & Lay v. Roland, 211 Ala. 157, 90 So. 910.

Other cases hold that when a tenant sells the crop subject to a landlord's lien, without the consent of the landlord, his lien follows the proceeds in the hands of one not an innocent purchaser. Metropolitan Life Ins. Co. v. Reconstruction Finance Corp., 230 Ala. 580, 162 So. 379; Webb & Aigner v. Darrow, 227 Ala. 441, 150 So. 357.

When the defendants purchased this cotton, if the landlord consented to the sale in advance, he cannot enforce his lien on the cotton thus purchased, nor on the proceeds, unless in giving his consent he stipulated that his rent lien should be paid out of the proceeds. If he does so, he has a lien on the proceeds although there was no certain cotton set aside for him, either gathered or ungathered, to become subject to the sale as required in Belser v. Youngblood, supra.

So that assuming such conditional consent by this landlord, when the tenant sold the four bales to defendant, the landlord had a lien on the price as held by defendant, and before he undertook to pay it. If in paying it, he recognized the superior lien on such proceeds and paid them to the landlord or on her order, he did merely what the law required him to do, and no one can complain who does not have a superior right.

In Keith v. Ham, supra, and in the second appeal in Gay & Bruce v. Smith & Sons, supra, the Court held to views opposite to each other upon the basis of a situation where the landlord gave no consent to the sale.

On this appeal there is no dispute but that the landlord authorized the sale. The dispute was the nature of the conditions, if any, which she attached. If she gave her consent without conditions actually, or in substance, she waived in favor of the second lienor as well as the purchaser, her lien on both the cotton and its proceeds. If she limited that consent to the condition that she be paid the proceeds either to herself or to some one else on her account, though the cotton was not then selected and set apart for her, she did not waive her lien on the proceeds of the sale. When the purchaser recognized that lien and paid her or on her order, he was doing no more than what he was bound to do. It became his duty to see that the order of the landlord in that respect was complied with. When that was done, having performed a legal duty, he should not again be made to respond in damages to that extent to one having a lesser claim.

This result is not dependent upon a selection and segregation of the cotton sold constituting a constructive delivery to the landlord. But we do not mean to hold that this could not be done by the selection of a certain portion of the cotton as it was ungathered in the field for sale on account of the landlord. Such an agreement does not infringe any principle of law. 27 Corpus Juris 200; Gafford v. Stearns, 51 Ala. 434 (as modified by section 8033, Code).

On account of the conflict in the evidence as to the nature of the conditions, if any, which the landlord stipulated in giving her consent, the question should be left to the jury on instructions from the court consistent with the law as we have here declared it to be.

The writ of certiorari is granted. Reversed and remanded to the Court of Appeals.

Writ awarded. Reversed and remanded.

ANDERSON, C. J., and GARDNER, THOMAS, BOULDIN, and BROWN, JJ., concur.

KNIGHT, J., not sitting.