48 So.2d 67

### ANNISTON PRODUCTION CREDIT ASS'N OF ANNISTON v. LEAK.

### 8 Div. 821.

Court of Appeals of Alabama.

Oct. 3, 1950.

J. T. Johnson, of Oneonta, for appellant.

Scruggs & Scruggs, of Guntersville, for appellee.

HARWOOD, Judge.

The complaint in this suit contained three counts, all looking toward the recovery of the value of a bale of cotton covered by a mortgage held by the plaintiff below, and allegedly sold with constructive notice to the defendant below.

Count one was for money had and received. Count two was for the conversion by the defendant of one bale of cotton evidenced by Gin Receipt No. 52337 of the Arab Warehouse, Arab, Alabama. Count three was for destruction of plaintiff's mortgage lien on said bale of cotton as described in count two.

The defendant entered pleas of the general issue to each count.

The evidence is undisputed that one Elbert Henry rented some 27 acres in Blount County, Alabama, from Josh Morton in the year 1947. Thereafter he borrowed $500.00 from the plaintiff corporation, and part of the security for said mortgage were all crops to be grown in Blount County, Alabama, by the mortgagor in the year 1947 on land owned by Josh Morton.

Henry produced some 8 or 10 bales of cotton on the Josh Morton land in 1947.

One of these bales was turned over by Henry to Claud Murphy, in the latter part of September 1947, to be taken to Arab and sold. Murphy was a son-in-law of Morton, and was in the trucking business.

Murphy sold the bale of cotton to the defendant, and took the check in payment thereof in his own name, as instructed to do by Henry.

Both Henry and Murphy testified that the proceeds of this check was turned over to Morton by Murphy in Henry's presence.

The case was tried before the court below without the intervention of a jury. At the conclusion of the evidence the court entered judgment in favor of the defendant.

As landlord Morton acquired a lien on the crop paramount to all other liens. It dominated any lien the mortgagee (plaintiff below) might set up. Leslie v. Hinson, 83 Ala. 266, 3 So. 443; Sec. 15, Title 31, Code of Alabama 1940. Morton

therefore had a paramount claim to the proceeds of this bale of cotton, which were in fact turned over to him in Henry's presence, and apparently at his instructions. Henry had a right to direct that these proceeds be applied in satisfaction of the landlord's lien. Gay & Bruce v. W. B. Smith & Sons, 217 Ala. 33, 114 So. 468.

The above principles are decisive of the correctness of the judgment entered by the trial court on any theory of plaintiff's case. We therefore pretermit discussion of the points raised in the briefs submitted.

Affirmed.