BRADLEY, Judge.
This case involves the breach of a land sale contract.
Defendants, Glenn and Agnes Weiss, advertised their farm for sale in November 1978. Plaintiff, Edward Futrell, answered this advertisement on December 2, 1978 by calling defendants on the telephone, at which time Mr. Weiss told plaintiff that the purchase price would be $7,000.00 equity and the assumption of a mortgage of between $34,000.00 and $35,000.00. Later on the same day plaintiff and his wife toured the property and asked defendants to hold it for them until the next day.
The next day plaintiff and a friend again toured the property. At that time the facts indicate that plaintiff agreed to purchase the property. It was agreed that the parties would finalize their agreement later that day.
Plaintiff returned to the property on the afternoon of December 3, 1978 whereupon he wrote a memorandum of the transaction as Mr. Weiss read him a description of the property. The agreement contained only the price terms and property description. No closing date was set out. Mrs. Weiss signed only as a witness. Plaintiff left a check for $100.00 as a binder.
On December 11,1978 plaintiff received a letter from defendants’ attorney demanding that tender of the equity in the amount of $6,900.00 be made by December 9,1978. At this point plaintiff called the defendant and was told that the deal was off.
Plaintiff claims that he offered to close the transaction immediately, but defendants state that he never offered to close or tender the equity. The parties also dispute what their agreement was for closing the transaction. Plaintiff claims that they agreed to close on February 1, 1979, but defendants claim that closing was to be within a week of the agreement.
On April 3, 1979 plaintiff filed suit in the Circuit Court of Houston County alleging breach of contract. On February 25,1981 a jury trial was held. At the close of plaintiff’s case, defendants moved for a directed verdict on the grounds that the plaintiff had not proven that there was a contract. The judge denied the motion. The jury *700 returned a verdict in favor of plaintiff in the amount of $5,000.00. From this verdict defendants appeal to this court.
Defendants raise four issues in this appeal. We will address each of these issues separately.
First, defendants contend that the trial judge erred in not granting their motion for directed verdict. Defendants claim that there could be no breach of contract unless the plaintiff had tendered the purchase price. In this case they claim that no offer of tender was ever made and as a result the plaintiff could not recover as a matter of law. In this case plaintiff says that the written memorandum contained no time limit for closing the sale and paying the equity; that he received a letter from defendants’ attorney demanding tender of the équity by December 9, 1978; and that when he called the attorney and offered to close immediately, he was told that the deal was off. Defendants deny that plaintiff ever offered to close or tender the equity. The evidence was in conflict and the trial court properly refused the directed verdict request. McAllister v. Langford Investigators, Inc., 380 So. 2d 299 (Ala.Civ.App.1980); Chandler v. Hunter, 340 So.2d 818 (Ala.Civ.App.1976).
Defendants also contend that the trial judge erred in refusing to give one of the jury instructions which they requested. Defendants did not object to the failure to give this instruction in the trial court. An objection would have had to be made in the trial court to preserve this issue for appeal. Hughes v. Southern Haulers, Inc., 379 So.2d 601 (Ala.Civ.App.1979); A.R.C.P. 51. Since no objection was made at trial, this court is unable to address this issue and as a result can find no error.
In their third issue, defendants contend that the trial court erred in not explaining the word “dower” to the jury. The word in question was used in a written charge given to the jury at the request of defendants.
Where the trial judge gives a written charge to the jury in the language requested by one of the parties, that party cannot later complain. Johnson v. Pruitt, 29 Ala. App. 174, 194 So. 406, rev’d on other grounds, 239 Ala. 44, 194 So. 409 (1939). The written charge in question in the instant case was given by the trial judge as requested by the defendants. The refusal to later explain one of the words in the defendants’ own requested charge is not reversible error.
Finally, defendants claim that plaintiff failed to prove damages. Defendants, however, did not raise this issue at trial. Their motion for directed verdict was on totally different grounds, and they did not file a motion for a new trial. In order for this court to address this issue, defendants would have had to raise it in the trial court. A.R.A.P. 4(a)(3). As a result, we are precluded from examining this issue.
Finding no error in this case, the judgment below is affirmed.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.